(95 South. 542)

### GRAVES et al. v. BRITTINGHAM et al.
### (7 Div. 351.)

(Supreme Court of Alabama. Feb. 10, 1923.)

**1. Equity ⟨⟩456—Notice of application to file bill of review not necessary.**

Code 1907, § 3178, requiring application to file bills of review to be made within three years after the decree or removal of disability, does not require notice to the adverse party of the application for leave to file the bill, but, if permission be granted, then notice of the bill must be given the defendants named therein.

**2. Equity ⟨⟩454—Original bill in nature of bill of review may be filed without leave of court.**

An original bill in the nature of a bill of review may be filed by the complainants without leave of court as a matter of right.

**3. Equity ⟨⟩442 — Averments determine whether bill is one of review or original bill in nature of bill of review.**

Whether a bill is a bill of review or an original bill in the nature of a bill of review must be determined by the averments of the bill, its purpose and substance, rather than by the name given it by the parties.

**4. Equity ⟨⟩442—Bill to impeach decree for fraud in its procurement held an original bill in the nature of a bill of review.**

Where the design of a bill is to impeach for fraud the final decree rendered in the cause, to declare the decree void for fraud shown by extrinsic or collateral circumstances relating to its procurement by which it is impeached, and to set it aside as null and void, the bill is not a bill of review, but an original bill in the nature of a bill of review.

**5. Equity ⟨⟩460—Bill in nature of bill of review must state decree and impeaching circumstances of fraud.**

To be sufficient, a bill in the nature of a bill of review must state the decree and proceedings which led to it, with the circumstances of fraud on which it is impeached.

**6. Equity ⟨⟩452—Original bill in nature of bill of review held filed in time.**

Where an original bill in the nature of a bill of review was brought to impeach for fraud a decree against complainants' mother, who was insane at the time of the decree and remained so until her death, the bill was filed in time, where filed within less than 2 years after her death, under Code 1907, § 3178, requiring application to file bills of review to be made within three years after the rendition of the decree, except in cases of infants and persons of unsound mind, who may apply within three years after the termination of their respective disabilities.

**7. Equity ⟨⟩460—Original bill in nature of bill of review held sufficient as against demurrer.**

An original bill in the nature of a bill of review to impeach for fraud in its procurement a foreclosure decree against complainants' mother, alleging the execution of a mortgage by the mother while an insane person, under Code 1907, §§ 3347, 3348, that the mortgage was without consideration and void under Statute of Frauds, § 4289, subd. 3, that she remained insane until her death, that the mortgage was foreclosed, the mother being joined, but no guardian ad litem appointed, one of the defendants becoming the purchaser and placing his codefendant in possession under bond for title, and that defendants had knowledge of the facts, *held* sufficient as against demurrer.

Appeal from Circuit Court, Shelby County; W. L. Longshore, Judge.

Bill by Margarette B. Graves and Murphy G. Baker against C. T. Brittingham and J. R. McMillan. From a decree sustaining demurrers to the bill complainants appeal. Reversed, rendered, and remanded.

Roy McCullough, Theo. J. Lamar, and Henry Upson Sims, all of Birmingham, for appellants.

General averments of facts from which, unexplained, a conclusion of fraud arises, is sufficient. 80 Ala. 147; Sims' Ch. Pr. § 204. The real nature of a bill is to be determined by its substance. 34 Ala. 455; Sims' Ch. Pr. § 184. A bill attacking a decree for fraud in its procurement is an original bill in the nature of a bill of review, and may be filed without leave of the court. Sims' Ch. Pr. § 633.

Leeper, Haynes & Wallace, of Columbiana, for appellees.

A final decree shall not be called in question after adjournment of the term when rendered, except by bill of review, and shall not be impeached by original bill, unless on the ground of fraud. Chancery Rule 83, Code 1907, p. 1554; 3 J. J. Marsh (Ky.) 492, 20 Am. Dec. 160, 39 Ala. 409; 180 Ala. 212, 60 South. 872; 203 Ala. 502, 83 South. 600; 69 Ala. 65; 203 Ala. 650, 84 South. 820. The fraud that will sustain a bill in the nature of a bill of review to impeach a decree must be by positive averment of facts from which it clearly appears fraud intervened in the procurement of the decree. 114 Ala. 630, 21 South. 534; 194 Ala. 469, 69 South. 934; 188 Ala. 667, 65 South. 988. If the bill was grounded, among others, on newly discovered evidence, application must be made to file the bill, and notice of the application be given to respondents. 203 Ala. 502, 83 South. 600; 84 Ala. 349, 4 South. 182; 39 Ala. 409.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

MILLER, J. This is a bill of review or an original bill in the nature of a bill of review filed by Margarette B. Graves and Murphy G. Baker, the only heirs at law of Mary M. McMahon, a widow who died intestate on September 24, 1920, against J. R. McMillan and C. T. Brittingham. It seeks to declare the decree void because it was obtained by C. T. Brittingham by fraud.

The respondents demurred to the bill, it was sustained by the court, and from this decree the complainants prosecute this appeal; and this ruling of the court is assigned as error. The demurrer to the bill is by the decree sustained generally. No intimation is made in the decree on what ground of the demurrer it is based. There are many grounds of demurrer to the entire bill, and some to parts of the bill. The decree states demurrers of respondents to the bill were submitted for decree, and the decree of the court sustains the demurrers. This is a decree sustaining demurrers to the bill, the entire bill, not to parts of the bill. This court will consider only the demurrers to the bill, the entire bill, as the decree sustains demurrers to the bill. The court did not pass by decree on the demurrers to parts of the bill. McDonald v. Pearson, 114 Ala. 630, headnote 1, 21 South. 534.

[1] The demurrers challenge the insufficiency of the bill because it fails to show that respondents, the parties adversely interested, were given notice of the application for permission to file the bill of review before it was granted by the court. The bill has indorsed on it an application by the complainants to the court for permission to file this bill of review; and the court made this indorsement thereon:

"Upon consideration the court is of the opinion that permission to file the foregoing as a bill of review be granted, and same is hereby allowed."

It is dated March 18, 1922, and signed by the judge of the court, and the bill with these indorsements on it was filed March 28, 1922, by the register. There is nothing in the bill, application to file it, or the order allowing the bill to be filed, showing that the defendants were served with notice of the application before it was granted. Was this necessary? Does the statute (section 3178) require it? It requires application to be made to file bills of review, and leave must be granted by the court before the bill can be properly filed, but it does not require that the adverse party in interest shall have notice of the application before the court can grant the applicant the right to file the bill of review. The matter appears from the statute to be ex parte. The defendants in the proposed bill of review have no right to notice of the application to the court for permission to file it. If the permission to file it is granted by the court, then notice of the bill of review filed by permission of the court against them must be given the defendants named therein. Section 3178, Code 1907; Bank v. Dundas, 10 Ala. 661, headnotes 1, 2.

It is true Justice Clopton, speaking for the court in Mitchel v. Hardie, 84 Ala. 349, 4 South. 182, said:

"Notice of the application to file the bill of review was not given to the adverse parties. It is insisted that without such notice the chancellor had no right to allow the bill to be filed. It may be conceded that the proceeding was irregular, and subjected the bill to a demurrer, or to a motion to be ordered to be taken off the file. The want of notice was merely set up in the answer; but no action of the court thereon was required. The irregularity was not assigned as cause of demurrer, and no motion was made to have the bill taken from the file. The defendants, having answered, and the case having proceeded to a final decree, without other objection, will be regarded as having waived the irregularity, and cannot make it available on appeal."

This does not decide notice of application for permission to file a bill of review must be given the adverse party before leave to file it can be granted by the court. It concedes it without deciding it, and holds, if notice was necessary, it was waived by the defendant answering the bill without demurring or making motion to strike it on that ground. It is also true that in Stuart v. Strickland, 203 Ala. 506, 83 South. 604, this court, in commenting on that part of the opinion of Justice Clopton, said:

"Leave to file such a bill must be obtained (Code, § 3178; Collier v. Shields, 2 Stew. & P. 417, 426; Manegold v. Beavan, 189 Ala. 241) on notice of such application for leave, given to the opposite party in interest. The failure of notice, not being taken by demurrer or motion to strike, is held as waived, and is not available on appeal. Mitchel v. Hardie, 84 Ala. 349."

[2] This appears to be a misinterpretation or misunderstanding of the decision in the Mitchel Case, 84 Ala. 349, 4 South. 182, and does not give the intent and purpose of the court in it.

This bill is named and styled in the application, in the order permitting it to be filed and in the face and body of it, "A bill of review." Is it a bill of review, or an original bill in the nature of a bill of review? If it is an original bill in the nature of a bill of review, it can be filed by the complainants without leave of the court, as a matter of right. Daniel, Ch. Pl. & Pr. 1584; McDonald v. Pearson, 114 Ala. 631, headnote 8, 21 South. 534.

[3, 4] The nature of the bill must be determined by its averments, its purpose, its substance, rather than the names given it by the parties. Ex parte Smith, 34 Ala. 455, headnote 1. The design of this bill is to impeach for fraud the final decree rendered in that cause; to declare the decree void for

fraud shown by extrinsic or collateral circumstances relating to its procurement by which it is impeached; to set it aside as null and void as against the mother of complainants. Such a bill is not a bill of review, but an original bill in the nature of a bill of review; and no leave of the court is necessary to file such a bill. McDonald v. Pearson, 114 Ala. 631, headnote 8, 21 South. 534; Gordon v. Ross, 63 Ala. 364; Stallworth v. Blum, 50 Ala. 46, 48; and Ex parte Smith, 34 Ala. 455, headnote 2; Hogan v. Scott, 186 Ala. 310, 65 South. 209; Clements v. Clements, 200 Ala. 529, 76 South. 855. This court has said in speaking of the jurisdiction of a court of equity to grant relief for fraud:

"The jurisdiction extends to the vacation of the judgments or decrees of courts which have been procured by fraud. But the final judgment or decree of a court of competent jurisdiction is impeachable only for actual fraud in its procurement." McDonald v. Pearson, 114 Ala. 643, 21 South, 534.

And in the McDonald Case, supra, the court defined the fraud that would impeach a final decree, as follows:

"Now, it is necessary to bear in mind what is meant, and what must be meant, by fraud, when it is said that you may impeach a decree signed and enrolled on the ground of fraud. The principle on which a decree may be thus impeached is expressed in the case which is generally referred to on this subject, the Duchess of Kingston's Case, where the judges, being consulted by the House of Lords, replied to one of the questions, 'Fraud is an extrinsic collateral act, which vitiates the most solemn proceedings of courts of justice. Lord Coke says it avoids all judicial acts, ecclesiastical or temporal.' The fraud there spoken of must clearly, as it seems to me, be actual fraud, such that there is on the part of the person chargeable with it the malus animus, the mala mens putting itself in motion and acting in order to take an undue advantage of some other person for the purpose of actually and knowingly defrauding him."

[5] The bill in the nature of a bill of review "must state the decree and proceedings which led to it, with the circumstances of fraud on which it is impeached." McDonald v. Pearson, 114 Ala. 630, 647, 21 South. 534, 538. Does this bill do so? This is necessary to give it equity. It avers that on January 3, 1910, Mary M. McMahon, the deceased, mother of complainants, executed a written lease to William J. Lloyd, on the lands described in the bill. It was to run 20 years, beginning in 1910 and ending in 1930.

On April 1, 1910, Mary M. McMahon, being at the time of unsound mind, executed with William J. Lloyd a mortgage on the lands involved in the suit to C. T. Brittingham, as mortgagee; and wherein Mary M. McMahon, a widow and a non compos mentis, and William J. Lloyd were the mortgagors. The notes evidencing the debt secured by the mortgage were executed by William J. Lloyd only. It appears to be his and not her debt from the notes described in it. The mortgage recites Lloyd owned an estate for and during the leasehold interest of 20 years in the land. This bill avers that Mrs. McMahon received no valuable consideration for executing the mortgage, and that it is void for failure of consideration under subdivision 3 of section 4289, statute of frauds; and that she was an insane person under sections 3347 and 3348 of the Code of 1907, when she signed the mortgage, and it is void because of her insanity. The bill alleges she (Mrs. McMahon) was an insane person as contemplated under sections 3347 and 3348 of the Code of 1907 on April 1, 1910, when the mortgage was executed, and she remained in that same mental condition until her death in September, 1920; and on the date the mortgage was executed she was under the dominating influence of William J. Lloyd. She was addicted to the morphine habit, and from time to time prior to that date he assisted her in procuring narcotics, when requested not to do so by these complainants.

On January 12, 1921, C. T. Brittingham, one of the respondents here and mortgagee in the mortgage hereinbefore referred to, filed a bill in the county court of Shelby county to foreclose that mortgage, to sell the property therein described, to pay the debts evidenced by the notes of William J. Lloyd, secured by it, and to pay a subsequent mortgage on a part of the land, given by Mrs. McMahon to William J. Lloyd on May 20, 1911, to secure three notes aggregating $1,750, and to pay other subsequent mortgages given by Mrs. McMahon to others, and to pay subsequent liens on the land obtained by judgments against Mrs. McMahon by various persons. Mrs. McMahon, William J. Lloyd, and the mortgagees in the subsequent mortgages and the owners of the judgment liens, were made parties defendant to this bill to foreclose this mortgage.

The bill did not aver that Mrs. McMahon was a person of unsound mind. A decree pro confesso on personal service rendered against her in the cause, but no guardian ad litem was appointed to represent her. The cause was finally submitted against her on that decree; the real and personal property of Mrs. McMahon and her interest in the property in the mortgage were sold by decree of the court. C. T. Brittingham, the mortgagee and complainant, became the purchaser. The sale was confirmed by decree of the court, and a deed was executed, conveying the property to C. T. Brittingham for the sum of $10,563.83.

The bill avers C. T. Brittingham, after purchasing the property, executed a lease sale contract, bond for title or a deed, accepting a mortgage as part of the purchase

price for a part of the real estate, to J. R. McMillan, a defendant in this cause, and that he is now in possession of that part of the land. After making the foregoing averments, the bill alleges and "charges and states the fact to be true that neither of the respondents in this cause can be heard to say that they are innocent purchasers for value; but they had knowledge from the record as well as actual knowledge of the facts hereinbefore stated."

The bill states the decree, it states the proceedings leading up to it, it states the circumstances of fraud on which the decree is sought to be impeached. Are these circumstances of fraud sufficient, if true, to impeach the decree? Mrs. McMahon was insane when she executed the mortgage, she was insane when the bill was filed to foreclose it, she was insane when the decree pro confesso was rendered against her; she was insane when the final decree was rendered; she was insane April 1, 1910, and until she died in September, 1920. When she executed the mortgage she was under the dominating influence of William J. Lloyd; he furnished her narcotic drugs; the mortgage was executed to secure his debt, and she received no benefit from it. The mortgage was foreclosed in court by the mortgagee, a defendant, and the land sold to pay Lloyd's debt to him, and to pay a subsequent mortgage made by Mrs. McMahon when in that mental condition, to William J. Lloyd for $1,750. The complainant C. T. Brittingham "had actual knowledge of the facts hereinbefore stated," yet he did not aver in the bill, did not notify the court, she was of unsound mind when it was filed, so the court could appoint a guardian ad litem to represent her. He should have done so. Section 3101, Code 1907.

In Burford v. Steele, 80 Ala. 150, this court wrote:

"While the general charge of fraud is insufficient, the rule of certainty in pleading in equity does not require that the facts and circumstances shall be minutely alleged. General averments of facts, from which, unexplained, a conclusion of fraud arises, are sufficient."

See, also, Pickett v. Pipkin, 64 Ala. 520.

The bill and proceedings in the other cause do not show on their face that the decree was obtained by actual fraud; but we are of the opinion the proceedings in that cause, when construed in connection with the extrinsic or collateral facts averred in relation to the fraud, show actual fraud in the procurement of the decree. If true, the decree should be impeached. Gordon v. Ross, 63 Ala. 364; McDonald v. Pearson, 114 Ala. 647, 21 South. 534; Hogan v. Scott, 186 Ala. 310, 65 South. 209; Clements v. Clements, 200 Ala. 529, 76 South. 855; Stallworth v. Blum, 50 Ala. 48.

Under this bill C. T. Brittingham and J. R McMillan are each proper and necessary parties to this cause. They each have a possessory interest in the land, or a part of it, under the lease of January 3, 1910, which terminates in 1930. Under the decree of sale under the mortgage and the purchase by Brittingham of all the land, and a resale by him afterwards of a part of it to J. R. McMillan, each defendant claims an equitable or legal interest in the land, or a part of it, the subject-matter of this suit, through the decree, which complainants claim is void, and through the mortgage, which complainants claim is void. Prout v. Hoge, 57 Ala. 30; Harwell v. Lehman-Durr & Co., 72 Ala. 344. The bill avers neither of the defendants are innocent purchasers for value, and avers "they had knowledge from the record as well as actual knowledge of the facts hereinbefore stated." Ten years have not elapsed since the land involved in this suit was secured by the defendants, or either of them, under the foreclosure sale. The land was sold under the decree of foreclosure in 1912. The mortgagor, mother of complainants, Mrs. McMahon, was insane from prior to the execution of the mortgage until her death in September, 1920, and this bill was filed by her heirs in March, 1922. This is a bill to impeach a decree for fraud, and it is not, strictly speaking, a bill of review.

[6] Section 3178 of the Code of 1907 does not by its terms extend to this bill, but this court has applied it by analogy to such a bill. Under this section a person of unsound mind may apply for permission to file a bill of review within three years after the termination of her disability. The insanity of Mrs. McMahon, complainants' mother, did not terminate; she died in that condition. The complainants filed this bill within 3 years, within less than 2 years, after her death. It was filed in time under the averments of the complaint, and is not barred by statute of limitations or laches. Section 3178, Code 1907; Manegold v. Beavan, 189 Ala. 241, 66 South. 448; Gordon v. Ross, 63 Ala. 363.

[7] There is equity in the bill of complaint. The court erred in sustaining the demurrers to it; they should have been overruled by the court. The decree is reversed; one is here rendered overruling the demurrers to the complaint, and the cause is remanded.

Reversed, rendered, and remanded.

All the Justices concur.