(124 So. 214)

## BAILES v. BAILES.   (7 Div. 887.)

Supreme Court of Alabama.   June 20, 1929.

Rehearing Denied Oct. 31, 1929.

S. W. Tate, of Anniston, for appellant.

Lamar Field, of Anniston, for appellee.

BROWN, J. Under a bill filed by the appellee, on May 19, 1925, seeking alimony without divorce, a decree was entered on August 4, 1926, granting the complainant relief, with reference to the register to take evidence and report what would be a reasonable allowance to the complainant as alimony and reasonable solicitor's fee. The reference was held, the report made and filed, and was confirmed February 8, 1927. On appeal this decree was affirmed. Bailes v. Bailes, 216 Ala. 569, 114 So. 185.

On February 24, 1928, the appellant—the respondent in the original proceedings—filed a petition praying that he be relieved of the burden of the decree and in the alternative for its modification. The ground on which he prayed to be relieved is that at the time he is alleged to have married the appellee he had a living wife from whom he had not been divorced, and therefore his marriage to the appellee was bigamous and void. On motion of appellee, the averments of these facts in the petition were stricken on the ground that the petitioner is estopped by the final decree from now questioning the validity of his marriage to the appellee.

In the original proceeding it was incumbent on the complainant to show that she was the lawful wife of the defendant; their relations as husband and wife being the dominant issue in the case; and the decree granting relief to the complainant, the jurisdiction of the court not being questioned, so long as it stands, is conclusive as between the parties, and forecloses further inquiry as to this relation, except by a bill of review, or a bill in the nature of a bill of review, for errors apparent on the face of the record, because of newly discovered evidence, not available on the first trial for lack of knowledge on the part of the defendant, and which he could not have discovered by the exercise of due diligence, or fraud in the procurement or concoction of the decree practiced by the adverse party, unmixed with negligence of the defendant. Banks v. Long, 79 Ala. 319; Seals v. Weldon, 121 Ala. 319, 25 So. 1021; 3 Mayf. Dig. 309, § 2509; McDonald v. Pearson, 114 Ala. 630, 21 So. 534; Ex parte Kay, 215 Ala. 569, 112 So. 147.

We are therefore of opinion that the court ruled without error in striking the averments of the petition in respect to the validity of the marriage.

The most that the evidence shows in respect to the ability of the appellant to comply with the decree of the court is that, on account of heavy rains during the year preceding the hearing, much of appellant's corn was destroyed, and he had some misfortune in respect to his sharecroppers, who deserted their crops after appellant had secured advances to be made. This we regard as a mere temporary financial distress, which in no way affects the appellant's general financial ability.

Moreover, the evidence was taken in open court, where the judge had the opportunity to see and observe the demeanor of the witness, and was in better position to reconcile the conflicts in the testimony than is this court, and, after consideration, we are not convinced that his conclusion in the matter is erroneous.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.