(132 So. 900)
## NICHOLS et al. v. DILL.
### 6 Div. 702.

Supreme Court of Alabama.
March 12, 1931.

456

Davis & Curtis, of Jasper, for appellants.

R. A. Cooner, of Jasper, and Z. P. Shepherd, of Carbon Hill, for appellee.

ANDERSON, C. J.

This is an original bill to impeach a decree for fraud and not a bill of review as dealt with in section 6607 of the Code of 1923, and leave to file same under section 6608 was not necessary. McDonald v. Pearson, 114 Ala. 630, 21 So. 534; Graves v. Brittingham, 209 Ala. 147, 95 So. 542.

While the limitation as to time fixed by section 6608 has been extended by way of analogy to bills to impeach a decree, section 8966 modifies this rule to the extent of allowing one year after the discovery of the fraud. Heflin v. Ashford, 85 Ala. 125, 3 So. 760.

As we understand, the bill charges a fraud and conspiracy on the part of complainant's agent, Charlotte Longstreet, and her correspondent, Nichols, to defraud her of her land by the concoction of a decree of the court adjudging that she has no interest in said land and that she had no notice as required by law of the proceedings. There is no question but what the bill makes out a clear and strong case of a fraudulent scheme upon the part of these respondents to acquire her land through the medium of the equity court and, in effect, charges a fraud upon the court to induce jurisdiction of the cause; that is, the bill charges: That she was a nonresident and "that the complainant had made diligent inquiry and reasonable effort to obtain information as to the particular place of the residence of Daisy Dill, and had been unable to do so and aver that the particular place of residence of the said Daisy Dill is unknown." That the affidavit for publication has a similar statement and that this statement was false, in that the complainant, in the former suit, knew of her place of residence in West Virginia or he was false in stating that he had made due inquiry as his coconspirator and correspondent knew where her place of residence was. That, had the real facts been stated, her last place of residence would have been disclosed to the court and she would have received the notice by registered mail as required by section 9431 of the Code of 1923, and this fact was purposely omitted to induce

the court to assume jurisdiction and proceed to act without having given the notice by registered mail as required by said section 9431. Should there be a conflict between section 9431 and Chancery Rule 22 as to giving notice to nonresidents, the statute must prevail.

We think that the fraud charged went to the assumption of jurisdiction by the trial court by a false statement in the bill and affidavit and that the court would not have considered the cause in the absence of notice to Daisy Dill as required by section 9431 had the true facts been presented, and this case falls within the influence of Keenum v. Dodson, 212 Ala. 146, 102 So. 230; Lester v. Stroud, 212 Ala. 635, 103 So. 692; Bolden v. Sloss-Sheffield Steel & Iron Co., 215 Ala. 334, 110 So. 574, 49 A. L. R. 1206; Edson v. Edson, 108 Mass. 590, 11 Am. Rep. 393.

We do not think that the bill was subject to the demurrer as for a misjoinder. True, Charlotte Longstreet was not a party to the suit from which relief is sought; yet she holds a part of the land by a conveyance from Nichols and would be affected by a decree in this case. Moreover, the bill charges a fraud and conspiracy between these parties throughout to acquire this complainant's land by practicing a fraud on the court in withholding her address and depriving her of notice as provided by section 9431, and the said Longstreet was not an improper party. Grand Lodge v. Shorter, 219 Ala. 293, 122 So. 36. The cases, O'Neal v. Cooper, 191 Ala. 182, 67 So. 689; Hinson v. Naugher, 207 Ala. 592, 93 So. 560, and other cases cited by counsel for appellant, are in no sense contrary to the holding that Charlotte Longstreet is not an improper party, even if she may not have been a necessary one.

The trial court did not err in overruling the demurrer to the bill, and the decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.