140 So. 351

## CUNNINGHAM v. WOOD et al.

### 6 Div. 971.

Supreme Court of Alabama.

March 10, 1932.

Richard H. Fries, of Birmingham, for appellant.

Basil A. Wood, of Birmingham, for appellees.

FOSTER, J.

■ We think that the proper interpretation of the complaint filed by appellant, which was stricken on motion, is that it is an original bill in the nature of a bill of review, seeking to vacate a decree in equity against her because she was and is a non compos mentis. The bill does not allege, neither does the record of the original suit show, that in that suit, though made a party to it, the fact of her being a non compos mentis was made known to the court. On the contrary, she defended by counsel, without a guardian ad litem or general guardian. The bill does not seek to review that proceeding for any matter which appears upon its face, or newly discovered evidence. It is not therefore in strictness a bill of review, but is one said to be of that nature. Graves v. Brittingham, 209 Ala. 147, 95 So. 542; Edmondson v. Jones, 204 Ala. 133, 85 So. 799; Nichols v. Dill, 222 Ala. 455, 132 So. 900; Bailes v. Bailes, 220 Ala. 177, 124 So. 214.

■ Properly speaking, a bill of review must be based either upon error of law apparent upon the record or newly discovered evidence. Sims, Chancery Prac. § 629; Snead v. Lee, 218 Ala. 44, 117 So. 469; Banks v. Long, 79 Ala. 319.

But a bill which seeks to vacate a decree for fraud, actual or constructive, or, we may add, because of any other circumstance which is sufficient to annul it as being voidable, is said to be a bill in the nature of a bill of reveiw.

Appellees did not demur to it for insufficiency, but moved to strike it on the grounds, in substance, that (a) no leave was granted to file it; (b) there is no equity in it; (c) laches; (d) it alleges facts which existed prior to the final decree, and should have been presented before such decree; and (e) she was represented by counsel.

■ As an original bill in the nature of one of review, leave of the court to file it is not necessary. Graves v. Brittingham, supra; Nichols v. Dill, supra; McDonald v. Pearson, 114 Ala. 630, 21 So. 534; Sims, Chan. Prac. § 634. It is not subject to be stricken for want of equity, but a demurrer on that ground only is available. Section 6553, Code. This practice includes bills of review. Sims, Chan. Prac. p. 420. If she is a non compos mentis, she should have been represented by a guardian ad litem or general guardian. Section 6532, Code.

If appellant was incapacitated by reason of being a non compos mentis from protecting her rights, a decree without a guardian ad litem, or general guardian, is at least a constructive fraud, and is voidable in equity at her suit seasonably filed. 32 Corpus Juris, 790 (note 67), 791; Edmondson v. Jones, supra.

■■ The bill is not therefore frivolous, though such cause is not now ground to sustain a motion to strike an original bill. The allegation of mental incapacity also relieves her of the imputation of laches. Section 8960, Code. But this also is the subject of demurrer, if apparent on its face, and not of motion to strike. However, the bill was filed within three years after the decree, and that is held by analogy to be the limitation ordinarily of

**290**

such suit. Nichols v. Dill, supra; Heflin v. Ashford, 85 Ala. 125, 3 So. 760.

To the claim that the laches consists in the failure to bring to the attention of the court, the fact that she was a non compos mentis, in violation of the rule that a bill of review cannot be founded upon an existing fact known during the progress of the suit and not set up (Thorington v. Thorington, 111 Ala. 237, 20 So. 407, 36 L. R. A. 385), the answer is that, if such a rule applied to the insanity of a party who is presumed to be incapable of bringing anything to the attention of the court, including the fact of her insanity, and when she is not represented by a guardian ad litem or general guardian, one of whom alone can represent her, her rights would be taken without due process, and our statutes as to her representation would be nullified.

There was no ground of the motion that the bill did not "state the decree and proceedings which led to it," as necessary in such cases. Graves v. Brittingham, supra, and McDonald v. Pearson, supra. But if there had been, it was a defect which should have been reached by a demurrer. For the same reason we cannot consider the fact that it fails to allege that complainant has a good defense to the suit, together with a statement of the same. 32 C. J. 790, note 62; Weems v. Weems, 73 Ala. 462.

If a proper inference from the bill is the conclusion that she is a non compos mentis merely because she cannot hear or talk (White v. Farley, 81 Ala. 563, 567, 8 So. 215), and if it is subject to such objection, again we say a motion is not the proper method of presenting the defect to the attention of the court.

Appellees insist that, as the proceedings in the original case were not made a part of the bill, they were improperly set out in this record. But that court in its decree states that it is based upon a consideration of the proceedings and various decrees rendered in that case, as well as upon a consideration of the motions to strike the bill, and we think it was but justice to that court that such proceedings and decrees be certified here as was done by the register. Therefore the cost of the entire transcript is chargeable to appellees.

The decree of the court dismissing the bill is reversed, and one here rendered overruling the motions to dismiss it, and the cause remanded for further proceedings.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.