19 So.2d 720

## CADICK MILLING CO. v. MERRITT.

### 4 Div. 348.

Supreme Court of Alabama.

Nov. 16, 1944.

176

Martin & Jackson, of Dothan, for appellant.

Chas. O. Stokes, of Ozark, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling demurrers to a bill in equity. The bill, which is in the nature of a bill of review, in substance alleges the following:

Cadick Milling Company, a corporation (appellant), filed suit against K. T. Merritt (appellee) in the Circuit Court of Dale County on January 13, 1941. Service of the summons and complaint was made on the defendant on January 17, 1941, by the sheriff of Dale County. On February 21, 1941, an attorney filed a plea of the general issue in behalf of the defendant. Nothing else was done in the case until January 22, 1942, when the plaintiff filed an amendment to the complaint, a copy thereof being served on defendant by the sheriff of Tuscaloosa County on January 27, 1942. In connection with the service of the amendment, the bill contains the following allegations:

"That at the time the said amendment was served on him, the said K. T. Merritt was a non compos mentis, confined in said Veterans Hospital, Tuscaloosa, Alabama, and not of sufficient mentality to understand said proceeding, nor make a proper defense thereto, nor employ counsel to represent him in said proceeding; that, in all equity and justice, upon the filing of said amendment and before taking judgment thereon, a guardian ad litem should have been appointed by the Court to protect the interest of the said Merritt in said proceeding."

The bill further alleges in substance that on February 16, 1942, a judgment nil dicit with writ of inquiry was entered on the trial docket against the defendant and thereafter a judgment by default was entered by the court for $3890.

The bill further alleges that "before he could properly understand said amendment

or prepare a defense thereto, although he had a meritorious defense to the suit, and, while the said K. T. Merritt was confined in said hospital as a non compos mentis," the judgment entry was made on the Trial Docket. The bill further alleges that, "although the Trial Docket Entry shows a 'judgment nil dicit,' the judgment entry shows 'judgment by default;' that the said judgment so entered is null and void for the reason it is contrary to the Trial Docket Entry as made by the Presiding Judge, and was taken and entered at a time when the said K. T. Merritt was a non compos mentis, was confined in the Veterans' Hospital at Tuscaloosa as a non compos mentis, and at a time when no guardian ad litem had been appointed by the Court to represent and defend his interest in said cause; that said judgment, in all equity and justice, should be declared null and void, of no force and effect, and should be set aside."

There is nothing in the record to show that K. T. Merritt has a general guardian or that a guardian ad litem was appointed to represent him in the case filed against him by Cadick Milling Company, or that his insanity was called to the attention of the court. There is nothing in the record in the case filed against him by Cadick Milling Company to show his incapacity.

The demurrers take the position that the judgment is valid, the court having jurisdiction of both parties and the subject matter of the suit, and further that the judgment is not subject to collateral attack in the absence of averments of fraud.

Under the allegations of the bill which will be taken as true on demurrer, at the time the complaint was amended and judgment rendered against the defendant, the defendant was a non compos mentis. The fact of his insanity is not disclosed by the court record nor is there anything to show that the insanity was either known to the court or called to the attention of the court. The law where this situation exists has been settled by the decisions of this court. In the case of Snyder v. Woolf, 232 Ala. 87, 166 So. 803, 804, this court said:

"A judgment against a non compos mentis by a court of general jurisdiction without a guardian ad litem, as required by sections 5687, 6532, Code [Code 1940, Tit. 7, § 103; Equity Rule 5, Code 1940, Tit. 7 Appendix], is not void, but reversible on appeal, if the record shows such incapacity.

Walker v. Clay, 21 Ala. 797; Levystein v. O'Brien, 106 Ala. 352, 355, 17 So. 550, 30 L.R.A. 707, 54 Am.St.Rep. 56; 34 Corpus Juris, 554.

"When the record does not show such insanity, equity has jurisdiction to vacate the judgment for the want of a guardian ad litem as in the nature of a bill of review, and is similar to a claim of fraud. Cunningham v. Wood, 224 Ala. 288, 140 So. 351; Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820; 32 Corpus Juris, 791, § 655."

In the case of Cunningham v. Wood, 224 Ala. 288, 140 So. 351, 352, this court said:

"We think that the proper interpretation of the complaint filed by appellant, which was stricken on motion, is that it is an original bill in the nature of a bill of review, seeking to vacate a decree in equity against her because she was and is a non compos mentis. The bill does not allege, neither does the record of the original suit show, * * * her being a non compos mentis was made known to the court. On the contrary, she defended by counsel, without a guardian ad litem or general guardian. The bill does not seek to review that proceeding for any matter which appears upon its face, or newly discovered evidence. It is not therefore in strictness a bill of review, but it is one said to be of that nature. Graves v. Brittingham, 209 Ala. 147, 95 So. 542; Edmondson v. Jones, 204 Ala. 133, 85 So. 799; Nichols v. Dill, 222 Ala. 455, 132 So. 900; Bailes v. Bailes, 220 Ala. 177, 124 So. 214."

Appellant urges that it affirmatively appears that an attorney appeared for the defendant and pleaded to the complaint as originally filed. It also urges that there is nothing to show that the defendant was insane at the time the suit was filed or that the plaintiff at any time knew of the defendant's insanity. These matters, however, do not save the situation because when the amendment to the complaint was filed, the defendant was insane and when the judgment entries were made, the defendant was still insane and was neither in court personally nor able to procure counsel because of his incapacity. No defense was set up when the case was called for trial, although according to the bill, the defendant had a meritorious defense.

It is not necessary to show actual fraud on the part of Cadick Milling Company. It is sufficient if the incapacity of the defendant prevented a fair adversary

hearing (Cunningham v. Wood, supra; Oliver v. Grace, 19 Cal.2d 570, 122 P.2d 564, 140 A.L.R. 1328), provided the defendant had a meritorious defense. Weems v. Weems, 73 Ala. 462.

The allegation that "he had a meritorious defense to said suit" is not attacked by the demurrer. Accordingly, taking this allegation along with the other allegations of the bill, we conclude that the court was correct in overruling the demurrer to the bill. Authorities, supra. See also Dawson v. Haygood, 235 Ala. 648, 180 So. 705.

The decree of the lower court is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.