37 So.2d 918
### STEPHENS v. STEPHENS.
7 Div. 913.

Supreme Court of Alabama.

Dec. 16, 1948.

Embry & Embry, of Pell City, and Earl McBee, of Birmingham, for appellant.

W. T. Starnes, of Pell City, and A. R. Powell, Jr., of Andalusia, for appellee.

LIVINGSTON, Justice.

This is a bill in the nature of a bill of review to set aside a decree of the Circuit Court, in Equity, of St. Clair County, dissolving the bonds of matrimony existing between the parties to this cause.

This suit is based on the alleged fraud in the concoction or procurement of the divorce decree, and comes here to review a decree of the trial court overruling a demurrer to the bill of complaint. That ruling is the only issue presented on this appeal.

We have repeatedly held that to support a bill of this nature, it must appear that fraud was practiced in the very act of obtaining the judgment, and that it was extrinsic or collateral, as distinguished from intrinsic fraud. Bolden v. Sloss-Sheffield Steel & Iron Co., 215 Ala. 334, 110 So. 574, 49 A.L.R. 1206; Farrell v. Farrell, 243 Ala. 389, 10 So.2d 153; Graham v. Graham, ante, p. 124, 36 So.2d 316; 31 Am.Jur. sections 654, 655, pp. 230-232.

We have also held that one who seeks relief from a judgment or decree of a court of competent jurisdiction must aver and prove that he was himself free from fault or negligence in suffering the judgment or decree to be entered. Evans v. Wilhite, et al., 167 Ala. 587, 52 So. 845; Wright v. Wright, 230 Ala. 35, 159 So. 220; Farrell v. Farrell, supra; Graham v. Graham, supra.

The suit is by the wife against the husband. Paragraph one of the bill contains the introduction or statement as to the parties. In paragraph two complainant alleges in substance that, on November 7, 1945, the respondent filed suit for divorce in the Circuit Court, in Equity, in St. Clair County against her charging adultery; that on November 7, 1945, she was insane and was an inmate of Bryce Hospital for the insane at Tuscaloosa, Alabama; that on November 10, 1045, summons to appear and defend said suit was "purportedly" served on her by the sheriff of Tuscaloosa County; that on November 23, 1945, a guardian ad litem was appointed by the register of the court to represent her on the hearing of said cause; that said guardian ad litem accepted his appointment and entered his appearance, and denied the allegations of the divorce bill on November 27, 1945; that the testimony in the divorce suit was taken before J. W. Truitt as commissioner and filed in said cause on November 29, 1945; that a final decree granting a divorce to respondent for and on account of the adultery of complainant, was entered by the court on December 6, 1945.

In paragraph three complainant further alleges that when respondent filed suit for divorce against her, he alleged that the parties separated in St. Clair County; that said allegation was false, and was known to be false by respondent, and was made for the fraudulent purpose of obtaining jurisdiction of the Circuit Court of St. Clair County, and that respondent thereby perpetrated a fraud on the court.

In paragraph 4, complainant further alleges that at the time suit for divorce was instituted against her she was insane and was an inmate of the Bryce Hospital at Tuscaloosa, and that her mental condition remained the same until sometime in 1946, at which time she regained her mental

faculties. She avers that she was never served with a copy of the summons and complaint in the divorce proceedings or, in the alternative, that if she was so served she was legally unable to respond to service on account of her mental condition; that the guardian ad litem appointed to represent her merely appeared and filed a general denial of the charges made in the divorce suit; that he did not cross-examine any witnesses nor in any way protect her interest, nor were her interests protected in any way; that as soon as she regained her mental faculties and learned of the divorce proceeding she employed counsel to institute proceedings to vacate and set aside the decree granting the divorce.

In paragraph 5, she alleges that the divorce decree was rendered before the expiration of thirty days after she was served with a copy of the summons and complaint, and was prematurely rendered and was therefore illegal, and should be set aside.

In paragraph six, complainant alleges that the divorce proceeding was submitted for final decree upon the testimony of two witnesses, namely, the respondent and one Dora McBride; that the testimony of Dora McBride was purportedly taken and signed before one J. W. Truitt as commissioner, but that in truth and in fact the said Dora McBride did not appear before said commissioner and did not sign her name to said testimony, and was never sworn by said commissioner; that respondent procured some party or parties to forge the name of Dora McBride to said testimony; that Dora McBride's signature to said testimony is a forgery and was known by respondent to be a forgery; that the purported testimony of Dora McBride was material and was the testimony upon which the divorce decree was rendered.

In paragraph seven complainant, in substance, alleges that she has a good defense to the divorce action. Attached to and made a part of the bill of complaint in this cause is the bill of complaint in the divorce proceeding, summons showing service by the sheriff of Tuscaloosa County, appointment of a guardian ad litem on the certificate of Dr. W. D. Partlow, Superintendent of Bryce Hospital, to the effect that respondent in the divorce proceedings was incapable of responding to service in that suit, acceptance of appointment by the guardian ad litem, his answer denying the allegation of adultery, the testimony of the witnesses in the divorce suit and the decree granting the divorce.

Complainant prays that the divorce decree rendered on December 6, 1945, be vacated, set aside and held for naught. Further, that the submission of said cause be set aside, that the appointment of the guardian ad litem, his acceptance and answer be stricken, and that complainant be permitted to appear and contest the divorce action, and for general relief.

Respondent demurred to the bill as a whole. Further, he treats each paragraph, other than paragraphs one, two and seven, as separate aspects of the bill, and directed his demurrer to each aspect, separately and severally.

The bill hardly evinces an intention to state complainant's cause in so many aspects. Rather, we think, that some of the sets of averments can very properly be considered as only introductory, explanatory or historical. However, as we view the present bill and the law applicable to it, it can make no material difference whether we consider it in several aspects or not.

■ The force of a bill in equity containing two or more independent grounds for relief, either of which is sufficient, is unimpaired by the fact that sufficient grounds are joined cumulatively with grounds insufficient to maintain the equity of the bill. Fife v. Pioneer Lumber Co., 237 Ala. 92, 185 So. 759.

■ And where one aspect of a bill predicates relief on several disjunctive sets of averments, each as furnishing ground for relief, and one of such alternative averments is insufficient as ground for such relief, such aspect of the bill, or it may be the bill taken as a whole when there is no other aspect, fails to make out a case of equitable right. Hays v. McCarty, 239 Ala. 400, 195 So. 241.

■ Viewed in the light of the foregoing rules, the bill of complaint in this cause states a cause of action.

■ It is well settled in this jurisdiction that decrees entered in divorce cases are subject to vacation and annulment on the same grounds as other decrees. Hooke v. Hooke, 247 Ala. 450, 25 So.2d 33, and cases there cited.

■ The bill discloses that in the proceedings for divorce the complainant was represented by a guardian ad litem appointed by the court. No collusion or conspiracy is charged between the guardian ad litem and the respondent. For aught appearing the divorce decree is binding in that regard. Cunningham v. Wood, 224 Ala. 288, 140 So. 251; Edmondson v. Jones, 204 Ala. 133, 85 So. 799.

■ Section 28, Title 34, Code of 1940, is purely a venue statute. Jurisdiction of divorce cases is drawn from section 20 of this title, and not from this section, whose provisions are for the benefit of parties only, and may be by them waived. White v. White, 206 Ala. 231, 89 So. 579; Wakefield v. Wakefield, 217 Ala. 517, 116 So. 685; Hammons v. Hammons, 228 Ala. 264, 153 So. 210.

■ Where both parties are before the court, and the court has jurisdiction of the subject matter, we know of no law or rule requiring the court to wait thirty days before entering a decree. Here the parties were before the court, the case was at issue, the testimony taken, and there was nothing to prevent its submission for final decree.

■ We are of the opinion that the allegations contained in paragraph six of the bill state a cause of action as for fraud in the concoction or procurement of the divorce decree. It is not here a disputed issue of fact sought to be reopened and retried, but the allegation of facts to the effect that the respondent knowingly and fraudulently procured some one to impersonate one Dora McBride; that Dora McBride did not appear before the register, was not sworn, and that the testimony upon which the case was submitted for final decree was not the testimony of Dora McBride; that Dora McBride's name was forged to the testimony upon which the case was submitted for final decree. These facts, if true, and we so take them on demurrer, show fraud on the court in the concoction or procurement of the divorce decree. Miller v. Miller, 234 Ala. 453, 175 So. 284.

■ We are inclined to view the present bill as one with a single aspect. If, in fact, it was intended to ground relief on more than one set of averments, such sets of averments are joined cumulatively with grounds which are sufficient to maintain the equity of the bill and therefore the bill is sufficient.

Affirmed.

BROWN, FOSTER, LAWSON, SIMPSON and STAKELY, JJ., concur.