45 So.2d 153

**STEPHENS v. STEPHENS.**

7 Div. 2.

Supreme Court of Alabama.
March 2, 1950.

A. R. Powell, Jr., of Andalusia, and W. T. Starnes, of Pell City, for appellant.

316

Earl McBee, of Birmingham, and T. Eric Embry, of Birmingham, for appellee.

SIMPSON, Justice.

Bill in the nature of a bill of review to set aside a decree of the circuit court, in equity, of St. Clair County, which decree dissolved the bonds of matrimony existing between the parties to this cause and granted appellee, J. E. Stephens, a divorce from appellant, Edith C. Stephens, on the ground of adultery.

This is the second appeal. The first appeal, affirming a decree overruling demurrer to the bill, is reported as Stephens v. Stephens, 251 Ala. 431, 37 So.2d 918. That case held, among other things, that since from its allegations the bill showed that in the proceedings leading up to divorce the appellant here, defendant in that proceeding, was duly represented by guardian ad litem appointed by the court, no collusion or conspiracy on the part of the guardian ad litem having been charged, it was not made to appear that the divorce decree was otherwise than binding in that regard, citing Cunningham v. Wood, 224 Ala. 288, 140 So. 351; Edmondson v. Jones, 204 Ala. 133, 85 So. 799.

Following that opinion and before issue joined and testimony taken, the appellant amended her original bill of complaint to the effect that when the testimony to support the bill for divorce was taken before the commissioner, no notice of the taking of such testimony was given to appellant's guardian ad litem; that the said guardian ad litem had no knowledge or notice that any testimony was to be taken, was not present before the commissioner when the same was taken, and received no notice of any kind of the submission of the cause for final decree, nor did he prepare or file any note of submission in the cause, and that the final decree was rendered on such testimony without the knowledge or consent of said guardian ad litem.

The amendment further averred that the said guardian ad litem had no opportunity to confer or discuss the said divorce proceedings with appellant, that he was not even acquainted with her location or place of residence, and that the testimony was taken two days after his notice of appointment as such official and at a time when the said Edith C. Stephens was a non compos mentis confined in Bryce Hospital, Tuscaloosa, Alabama, some 120 miles from the residence of the guardian ad litem and ninety-two miles from Pell City, Alabama, where the testimony was taken.

The concluding paragraph of the amendment makes the foregoing as a basis of the allegation that appellant had been denied her day in court and thus denied due process of law, as guaranteed by the constitutions of the state and of the United States.

The court sustained the demurrer to the bill as amended and proceeded to a hearing on the other aspect of the bill relating to other allegations of fraud noticed in the first opinion, and on final hearing concluded against the appellant on that issue.

The sustaining of the demurrer to the amended bill is assigned as error on this appeal and on a painstaking consideration of the record in connection with the governing authorities, we have concluded that the learned trial court was in error in this ruling.

The authorities are agreed that: "If the complainant was a non compos mentis when he was served with process in the suit for divorce, and when the cause was tried and the decree and orders therein were made and enrolled, the decree and orders are due to be set aside since it is confessed that he was not represented by guardian ad litem or general guardian. Cunningham v. Wood, 224 Ala. 288, 140 So. 351; Dawson v. Haygood, 235 Ala. 648, 180 So. 705." Farrell v. Farrell, 243 Ala. 389, 391, 10 So.2d 153, 155.

And the same rule must necessarily apply where, though there has been a guardian ad litem appointed, his representation is ignored and the proceedings against his ward are thus transacted ex parte without notice to him.

The contrary ruling of the trial court on the question seems to have been rested on the understanding that the first Stephens Case, supra, was controlling to that result; that the added allegations were merely an elaboration of the original allegations as regards the guardian ad litem's status in the case. But that is not the case, since the first decision was rested on the absence of allegations as regards the matter here considered and it was there pointed out that *from aught appearing* (construing the allegations most strongly against the pleader) the plaintiff here was "represented by a guardian ad litem appointed by the court", etc. [251 Ala. 431, 37 So.2d 921] The amendment materially changed this allegation, the effect of which was that the defendant, a non compos mentis, was not represented by her duly appointed guardian ad litem, but to the contrary, the proceedings were transacted ex parte without his notice or knowledge and without having been given an opportunity to represent his ward by reason of the improper manner of the procedure. A strict mandate of the law was violated in not giving the requisite written notices to the appellant's attorney of record, her guardian ad litem, of the time and place of the examination of the witnesses, Equity Rule 55, Code 1940, Tit. 7 Appendix, and of the submission of the cause for final decree, Equity Rule 60, and from then on to conclusion the bill as amended shows that what might be termed side bar proceedings were transacted with-

out notice or knowledge of the appellant's legal representative, culminating in the final decree of divorcement. Conceding these allegations to be true, as must be on demurrer, it would indeed be a reflection upon the judicial system and regrettable beyond measure should a tribunal of justice, to which litigants look for protection, be impotent to relieve from such alleged oppression. The authorities are clear that relief is available to one in such a circumstance, who is free from fault in the premises and has a meritorious defense.

A court of equity, as a general proposition, has the undoubted right to set aside a judgment or decree procured through either fraud, accident or mistake when the complaining party has a meritorious defense and is without fault in its rendition. 5 Pomeroy, Equity Jur., 2d Ed., 4670, § 2068.

So, whether the alleged omission to follow the law in the taking of the testimony, the submission of the cause and procurement of the decree, thus denying appellant her day in court and right to be heard, be termed constructive fraud, Cadick Milling Co. v. Merritt, 246 Ala. 175, 19 So.2d 720; Cunningham v. Wood, 224 Ala. 288, 140 So. 251, or extrinsic mistake, Hanover Fire Ins. Co. v. Street, 228 Ala. 677, 154 So. 816; Olivera v. Grace, 19 Cal.2d 570, 122 P.2d 564, 140 A.L.R. 1328, or just plain accident, the end result was the same and one which the equity court may undertake to correct if seasonably applied to. For cases from other jurisdictions see citations in 140 A.L.R. 1334.

We have not overlooked the general rule as announced in our cases that there must be actual fraud—an intention to take advantage—on the part of the person chargeable to authorize equity, generally, to set aside a concocted decree. Farrell v. Farrell, supra; Graves v. Brittingham, 209 Ala. 147, 95 So. 542; McDonald v. Pearson, 114 Ala. 630(5), 21 So. 534. But as regards decrees against persons non compos mentis, recent decisions of this court have not made an intention to defraud essential to relief, the determining criterion being whether the defendant was in fact

non compos mentis and if so, and a judgment or decree has been rendered against him without guardian ad litem or general guardian, such judgment or decree is subject to be set aside as for fraud. Cadick Milling Co. v. Merritt, supra; Cunningham v. Wood, supra; Farrell v. Farrell, supra; Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820. See also 5 Pomeroy Eq. Jur. (2d Ed.), § 2070, p. 4673; United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93; 140 A.L.R. 1334; 44 C.J.S., Insane Persons, p. 326, § 151; 32 C.J. p. 790; 28 Am.Jur. 748, § 118.

The Street Case, supra, is very analogous, where it was held that the fraud, accident or mistake of the clerk in not performing the statutory duty of giving notice of the date of the trial of a case to the opposite party, and thus allowing the plaintiff to take a default judgment, was such as gave equity power to annul the judgment. The following observation is persuasive: "The law is a reasonable master. In its procedure, it is orderly and consistent. In its administration, it neither requires nor expects litigants to distrust its sworn ministers. Nor will it—observing rules of consistency—impute negligence to a suitor because he relied *upon the law,* and upon its faithful observance by officials charged with the duty of complying with its provisions." 228 Ala. 681, 154 So. 820.

Much the same rationale is here pertinent. The defendant in the divorce proceeding, Mrs. Stephens, through her legally constituted guardian ad litem, had the right to depend upon the fact that the law would be complied with in the transaction of the proceedings and that they would not be transacted without notice to the one responsible for her proper defense.

Another striking analogue to the factual situation in the present record is found in the Cadick Milling Co. Case, supra, where, though the defendant in judgment who brought the bill of review to have it annulled had, when the complaint was filed, interposed a defense by his duly appointed attorney, was non compos mentis when the amendment to the complaint was filed and when a judgment *nil dicit* was taken on the amendment. It was there held that

this constituted such extrinsic fraud because of the incompetency of the defendant as allowed equity to annul the judgment, the court observing: "It is sufficient if the incapacity of the defendant prevented a fair adversary hearing [citing cases] provided the defendant had a meritorious defense. * * *" 246 Ala. 177–178, 19 So. 2d 721.

The grounds on which divorce decrees are subject to vacation and annulment are the same as those with respect to other decrees or judgments. First Stephens case, supra; Hooke v. Hooke, 247 Ala. 450, 25 So.2d 33. And this court is committed to the general doctrine that if the fraud or mistake inhered in the very act of obtaining the judgment or decree, that is, extrinsic or collateral to the matter tried in the original case, that would be such a circumstance as to warrant equitable interference. It is "fraud in the management of the action or proceeding, and by which the complainant was prevented from properly presenting and establishing his cause of action or defense, which may be a ground for relief in equity." Hooper v. Peters Mineral Land Co., 210 Ala. 346, 348, 98 So. 6, 8. " * * * fraud has been regarded as extrinsic or collateral, within the meaning of the rule here under consideration, where it is one the effect of which prevents a party from having a trial or from presenting all of his case to the court, or where it operates upon matters pertaining, not to the judgment itself, but to the manner in which it is procured, so that there is not a fair submission of the controversy * * *" 31 Am.Jur. 231–232, § 654.

See also 3 Pomeroy Eq.Jur., 5th Ed., 608, 609, § 919B; United States v. Throckmorton, supra; Snyder v. Woolf, 232 Ala. 87, 166 So. 803; Wilkerson v. Wilkerson, supra; Farrell v. Farrell, supra.

We do not consider it necessary to cite further authorities since it seems so plain to us that the cases noticed above fully sustain our view that the case as alleged comes clearly within the governing rule and was not subject to the grounds of demurrer interposed. The taking of the testimony and procurement of the decree without notice to the appellant's legal representative was the same as if she had had no guardian ad litem and the end result of such proceedings was tantamount to a sentence of the court pronounced against a party without a hearing or giving an opportunity to be heard, and in effect could not be a judicial determination of her rights.

The foregoing conclusion makes it proper to pretermit consideration of the constitutional question of due process, as well as the other assignments of error.

Therefore, a decree will be here rendered overruling the demurrer to the bill as amended and a reversal will be ordered to the end that the plaintiff be permitted, which she was denied on trial, to take testimony on the issue tendered by the amendment.

Short of this main controversy is the contention of appellee that the plaintiff is shown to be guilty of laches in her efforts by the bill to obtain relief. The authorities do not sustain such a position. She filed this bill soon after her release from the asylum and immediately after learning of the divorce decree. Nothing is shown to indicate any negligence or remissness on her part and as so far appearing, the doctrine of laches cannot be invoked to bar prosecution of the cause on the bill as amended. Miller v. Miller, 234 Ala. 453(2), 175 So. 284; Hatton v. Moseley, 229 Ala. 240, 156 So. 546.

One further proposition will be noticed. Motion was made here to dismiss the appeal on the ground that it had been abandoned or waived because during its pendency the appellant filed a petition with the trial court to have awarded to her the temporary custody of the parties' infant children, on the basis of which the court granted her petition. There is nothing in that procedure to indicate a waiver or abandonment of her right, if her claim be satisfactorily proven, to have the original divorce decree set aside. The question of the custody of infant children is not an adversary proceeding between parents in the eyes of the law, but is a matter within the

peculiar discretion of the chancellor as to the welfare of wards of the court. He acts as *parens patriae* and any matter affecting their rights or interests are within his peculiar jurisdiction, and it is immaterial whether that jurisdiction is invoked by an independent suit or by petition in the same cause. Any pleading which shows upon its face that the welfare of an infant requires an order with repect to its custody or support is sufficient to that end. Scott v. Scott, 247 Ala. 598, 25 So.2d 673; Ex parte Bates, 247 Ala. 391, 24 So.2d 421.

Either party, therefore, regardless of any pending proceedings and without waiver of any rights, may properly seek a modification of an award as regards the temporary custody of infants. Ex parte White, 245 Ala. 212, 16 So.2d 500. The motion to dismiss the appeal is therefore not well taken.

Motion to dismiss the appeal overruled, decree sustaining demurrer to the bill as amended reversed and one here rendered overruling demurrer, and cause remanded.

Motion overruled, demurrer overruled, and cause remanded.

BROWN, FOSTER, LIVINGSTON, LAWSON and STAKELY, JJ., concur.