61 So.2d 109

**LANEY et al. v. DEAN.**

6 Div. 263.

Supreme Court of Alabama.

Oct. 23, 1952.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellee.

Hugh A. Locke and Winton G. Wilson, Birmingham, for appellants.

LAWSON, Justice.

The appeal is from a decree sustaining demurrer to an original bill in the nature of a bill of review and dismissing the bill.

The complainants sought to have vacated a final decree entered by the circuit court of Jefferson County, in equity, on July 12, 1945, in the administration of the estate of E. E. Dean, deceased, who was the grandfather of complainants.

It is alleged that complainants are all the heirs at law and next of kin of Lacie Dean Laney, who was a daughter of E. E. Dean and a beneficiary under his will. The complainant, John P. Laney, Jr., sues not only in his individual capacity but as administrator of the estate of Lacie Dean Laney.

The respondent, L. E. Dean, is an uncle of complainants, being their mother's brother. He was also a beneficiary under the will of E. E. Dean. L. E. Dean is sued in his individual capacity and as executor of the estate of E. E. Dean and as trustee of Lacie Dean Laney under the will of E. E. Dean.

The decree sought to be vacated was in final settlement of the estate of E. E. Dean and approved the distribution of the estate as agreed upon by the beneficiaries under the will.

The decree here under review sustained those grounds of demurrer taking the point that the bill was filed too late. As before shown, the decree sought to be vacated was entered on July 12, 1945, and this proceeding was not instituted until almost four years thereafter on, to wit, June 13, 1949.

One of the grounds upon which the relief prayed for was based was that at the time the decree of July 12, 1945, was entered Lacie Dean Laney was a non compos mentis and was not represented by guardian ad litem or by general guardian. It is alleged that this condition existed until the death of Lacie Dean Laney in September, 1948.

If Lacie Dean Laney was incapacitated by reason of being a non compos mentis from protecting her rights, a decree without a guardian ad litem or general guardian is voidable in equity by suit seasonably filed. Cunningham v. Wood, 224 Ala. 288, 140 So. 351; Box v. Box, 253 Ala.

297, 45 So.2d 157; Stephens v. Stephens, 253 Ala. 315, 45 So.2d 153; Cadick Milling Co. v. Merritt, 246 Ala. 175, 19 So.2d 720; Dawson v. Haygood, 235 Ala. 648, 180 So. 705; Farrell v. Farrell, 243 Ala. 389, 10 So.2d 153. While there are some expressions in our cases which may imply that equity intervenes to set aside such a decree on the theory of constructive fraud, we wish to make it clear that we did not intend to hold that constructive fraud is sufficient to justify relief in an original bill in the nature of a bill of review. But where the relief is based on mental incapacity, actual fraud need not be shown. Relief may be granted where mental incapacity prevented a fair adversary hearing. Cadick Milling Co. v. Merritt, supra.

Was the bill seasonably filed in so far as it seeks relief on the ground of the mental incapacity of Lacie Dean Laney?

We have held that an original bill in the nature of a bill of review by analogy should be filed within the period limiting the filing of bills of review. Gordon's Adm'r v. Ross, 63 Ala. 363; Heflin v. Ashford, 85 Ala. 125, 3 So. 760; Nichols v. Dill, 222 Ala. 455, 132 So. 900; Cunningham v. Wood, supra; Quick v. McDonald, 214 Ala. 587, 108 So. 529; Smith v. Smith, 243 Ala. 488, 10 So.2d 664.

Equity Rule 66, Code 1940, Tit. 7, Appendix, which became effective January 1, 1940, provides in pertinent part as follows: "A bill of review may be filed without first applying for leave, *at any time within three years after the rendition of a decree which is final as to the right of any party,* however he may have come or been brought into court, and whether or not a decree pro confesso was taken against him. * * *" (Emphasis supplied.) Equity Rule 66 supplants §§ 6607 and 6608 of the Code of 1923, which sections were not brought forward as statutory provisions into the Code of 1940.

Section 6608, Code 1923, contained the requirement that "Application to file bills of review must be made within three years after the rendition of the decree," but such requirement did not apply to infants or persons of unsound mind, who could apply

within three years after the termination of their respective disabilities.

Equity Rule 66 does away with the provisions contained in § 6608, Code 1923, requiring application to be made to file a bill of review and it does not include the provisions giving infants and persons of unsound mind the right to file a bill of review within three years after termination of disability.

Since we had applied by analogy the provisions of § 6608 which related to the time within which an application to file a bill of review should be made, to original bills in the nature of bills of review, and since Equity Rule 66 contains no provisions exempting persons of unsound mind from the requirement that a bill of review must be filed within three years after the rendition of the decree, the trial court considered that the instant bill, not being filed within three years from July 12, 1945, was not timely filed in so far as relief was based on the alleged mental incapacity of Lacie Dean Laney and, therefore, sustained the grounds of demurrer properly addressed raising the point that the bill was not filed within three years from the date on which the decree sought to be vacated was rendered.

But the limitation prescribed by Equity Rule 66 and its progenitor, § 6608, Code 1923, is not arbitrarily applied to original bills in the nature of bills of review. Where special features or circumstances are shown excusing the delay, the three-year limitation is not always applied to original bills in the nature of bills of review. The rule is stated in Urquhart v. McDonald, 252 Ala. 505-506, 42 So.2d 9, 10, in the following language:

"* * * The decree sought to be vacated was rendered April 25, 1930. The bill was not filed until 1947. The statute of limitations for a bill of review will, by analogy, be applied to a bill in the nature of a bill of review. It was declared in Quick v. McDonald, 214 Ala. 587, 108 So. 529, 532, that, by analogy of the statute of limitations to bills of review, no special features appearing, the limitation is fixed at three years, subject to the statute giv-

ing one year after discovery of the fraud. See also Cassady v. Davis, 245 Ala. 93, 15 So.2d 909.

"It appearing on the face of the bill that it was filed more than three years after the date of the decree sought to be vacated, *it was incumbent upon the complainant to allege facts to excuse the long delay in filing the present bill.* * * *" (Emphasis supplied.)

■ According to the allegations of the bill here under consideration the incapacity of Lacie Dean Laney, complainants' mother, did not terminate; she died in that condition. See Graves v. Brittingham, 209 Ala. 147, 95 So. 542. The complainants filed this bill approximately nine months after her death. In our opinion, it was filed in time in so far as it seeks to vacate the decree of July 12, 1945, on the ground of the mental incapacity of Lacie Dean Laney. See Wiggins Estate Co. v. Jeffery, 246 Ala. 183, 19 So.2d 769, and Cadick Milling Co. v. Merritt, supra.

■ We are not to be understood as holding that there is no limitation within which an original bill in the nature of a bill of review must be filed to vacate a decree affecting a person of unsound mind not represented by general guardian or guardian ad litem. In our opinion, such a bill should be filed within three years after the termination of disability. In so holding we apply by analogy the provisions of § 36, Title 7, Code 1940, § 8960, Code 1923, as was done in Cunningham v. Wood, supra, and Wiggins Estate Co. v. Jeffery, supra.

■ In another aspect of the bill, complainants sought to vacate the decree of July 12, 1945, because of actual fraud in the procurement or concoction of said decree. Assuming without deciding that this aspect of the bill is otherwise sufficient, it was subject to the ground of demurrer properly addressed taking the point that it is not alleged how complainants came into knowledge of the various facts alleged as constituting the rights sought to be enforced. Urquhart v. McDonald, supra.

For the error in sustaining demurrer to that aspect of the bill seeking to have the decree of July 12, 1945, cancelled on the

ground of the mental incapacity of Lacie Dean Laney and in dismissing the bill, the decree of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.