66 So.2d 877

SMITH et al. v. HOLLOWAY et al.

4 Div. 720.

Supreme Court of Alabama.

Aug. 6, 1953.

Baldwin & Baldwin, Andalusia, for appellees.

Frank J. Tipler, Jr., Andalusia, for appellants.

LAWSON, Justice.

S. O. Smith was the owner of a tract of land in Covington County, Alabama, consisting of approximately 170 acres, on which he and his family lived for many years.

On November 19, 1939, S. O. Smith was living in Florida and on that date an instrument in the form of a warranty deed was executed purporting to convey the 170-acre tract of land to Mrs. Gertrude A. Holloway for a recited consideration of $1,500 and the assumption by the grantee of an indebtedness owed by S. O. Smith and wife, Margaret Smith, to the Federal Land Bank of New Orleans, which indebtedness was secured by a mortgage on the land.

In October, 1943, S. O. Smith filed an ejectment suit against Mrs. Gertrude A. Holloway and her tenant, Virgil Holloway, seeking to recover possession of the 170-acre tract of land, together with damages for its detention. In the fall of 1945, on motion of Mrs. Holloway, the cause was transferred to the equity side of the court.

Thereupon Mrs. Holloway filed her bill of complaint against S. O. Smith who, according to the bill, was then a resident of Okaloosa County, Florida. In her said bill Mrs. Holloway alleged the execution and delivery of the deed of November 19, 1939; the manner in which the consideration therefor was paid and secured; that she had gone into possession of the property and had made certain improvements thereon and was still in possession thereof; that S. O. Smith was contending that he was non compos mentis at the time of the execution of the deed and had filed suit in ejectment to recover the land covered by the deed; that she purchased the land in good faith without any knowledge of the claimed mental infirmity of S. O. Smith and without knowledge of any fact which if followed up would have apprised her of any abnormal mental condition of S. O. Smith as claimed.

The prayer of the bill filed by Mrs. Holloway against S. O. Smith was in substance that it be decreed that the deed as executed by S. O. Smith and wife on November 13, 1939, be held valid and of full force and effect.

S. O. Smith by and through two firms of attorneys of the Covington County Bar filed a sworn answer to the bill of Mrs. Holloway wherein he categorically denied that he executed and delivered the deed to Mrs. Holloway; that Mrs. Holloway purchased the land described in the deed of November 19, 1939; that he authorized payment in the manner averred in Mrs. Holloway's bill; that Mrs. Holloway paid him any money as the purchase price of the said lands; that he authorized Mrs. Holloway to go into possession of the land. In addition to denying the material averments of the bill filed against him by Mrs. Holloway, the said S. O. Smith in his answer averred in substance as follows:

That he had owned the suit property for many years and had resided and raised his family thereon; that Mrs. Holloway lived nearby and knew that he was old, sick, diseased and had been confined to his bed; that he was removed from his home on the suit property to Inverness, Florida, in an ambulance while he was still sick and diseased and not able in any manner physically or mentally to enter into or consummate contracts or execute and deliver a deed; that Mrs. Holloway knew or was in possession of facts which by the exercise of reasonable diligence would have informed her of his said disabilities; that on the date the said deed is said to have been signed and delivered he was confined to his bed in Inverness, Florida, under the treatment of a physician and attended by a nurse; that he was at that time so ill, weak and diseased and so without his mental faculties as not to be capable of transacting business and executing and consummating a sale of land, all of which was known to Mrs. Holloway, but nevertheless she "sought by artifice, or by fraudulent obtaining possession of the lands involved, to thus obtain the legal or equitable title, claim, or possession, of such lands"; that Mrs. Holloway went into possession of the suit property without his authority or knowledge and has wrongfully

withheld said property from him; "that the reasonable market value of the use or hire, or reasonable annual rental value thereof was, and is the sum of to-wit, $500.00 per annum; and that respondent was, and is, entitled to the possession of the lands involved, together with the reasonable market valuation of the annual rental value thereof, from the complainant, from the date of her wrongful entry, to-wit, January 1940, with judgment and decree dispossessing the complainant, her tenants, agents, servants and employees."

S. O. Smith made his answer a cross-bill wherein he prayed for the cancellation of the deed of November 19, 1939; that Mrs. Holloway be dispossessed of the suit property and that she be required to pay him damages for the detention of the land and for improvements removed therefrom.

Mrs. Holloway duly filed her answer to the cross-bill wherein she denied its material allegations.

The cause having been transferred to equity on motion of Mrs. Holloway, S. O. Smith was entitled to a decree cancelling the deed of November 19, 1939, if he could prove the averments of his answer—cross bill as to fraud or insanity, since it is averred that Mrs. Holloway had notice of the alleged insanity. See § 41, Title 9, Code 1940; Livingston v. Livingston, 210 Ala. 420, 98 So. 281.

Evidently there was a failure of such proof, for on August 26, 1946, the circuit court of Covington County, after hearing the witnesses testify orally in open court, rendered a decree granting the relief prayed for by Mrs. Holloway in her bill and denying the relief prayed for in Smith's cross bill. The deed of November 19, 1939, was decreed to be valid and of full force and effect. The cross bill of S. O. Smith was dismissed and he was taxed with the costs.

In so far as we are advised, there was no appeal from that decree. It would seem, therefore, that the decree of August 26, 1946, finally settled the controversy as to the validity of the deed of November 19, 1939. But such is not the case.

On October 14, 1950, S. O. Smith, suing by his daughter as next friend filed a bill in the circuit court of Covington County, in equity, against Mrs. Gertrude A. Holloway; her husband, T. F. Holloway; and Mrs. Alice Miller, to whom, according to the averments of the bill, Mrs. Gertrude A. Holloway had conveyed the said 170-acre tract of land.

The two main aspects of the bill or which relief was sought are: (1) to have set aside and vacated as void the decree of August 26, 1946; and (2) to have the deed of November 19, 1939, set aside and annulled. The bill also prayed that a guardian ad litem be appointed to represent S. O. Smith.

Respondents' demurrer to the original bill was sustained on March 30, 1951. The bill was amended on June 5, 1951.

On September 28, 1951, the death of S. O. Smith having been suggested, a decree was entered substituting the personal representative and heirs at law of S. O. Smith as parties complainant.

Demurrer of respondents to the amended bill was sustained on January 21, 1952. The bill was again amended and on April 15, 1952, the trial court entered a decree sustaining the demurrer of respondents to the bill as last amended, but the bill as last amended was not dismissed.

■ The substituted complainants have appealed from the decree of April 15, 1952, but some of their assignments of error attack the decrees of March 30, 1951, and January 21, 1952. Such assignments of error will not be considered. On an appeal from an interlocutory decree appellant cannot assign for error interlocutory decrees previously rendered more than thirty days before the appeal was taken. Lampkin v. Strawbridge, 243 Ala. 558, 11 So.2d 130; Woods v. Allison Lumber Co., 258 Ala. 282, 62 So.2d 229.

Unless appellants' bill was sufficient as a bill in the nature of a bill of review to set aside and vacate the decree of August 26, 1946, then it seems clear to us that appellants would be entitled to no relief under the aspect seeking the invalidation of the deed of November 19, 1939, for the decree of August 26, 1946, would be in the way of such relief. There is in the record a written opinion of the trial court incorporated in one of its decrees and it is apparent that

the trial court's action in sustaining demurrer to the bill as a whole, as well as to each of its so-called aspects, was on the ground that the bill as amended does not state a case for setting aside and annulling the decree of August 26, 1946.

The case made by the bill in so far as it seeks to have the decree of August 26, 1946, set aside and annulled is in substance as follows:

S. O. Smith was at the time that decree was rendered and during the entire progress of the proceedings non compos mentis, which fact was not made known to the court and he was not represented by general guardian or guardian ad litem. He was not mentally capable of understanding the proceedings or of seeking out and presenting evidence in his behalf going to show the invalidity of the deed of November 19, 1939. The attorneys who represented S. O. Smith in the proceedings leading up to the decree of November 19, 1939, were not advised of the fact that he was insane and therefore, in the preparation and trial of the case "relied on a then insane person to inform them of the facts in the cause and to advise them and inform them as to the investigation and to inform them as to available evidence and where to look for available evidence * * * that because of the insane condition of the said S. O. Smith throughout the prior proceedings and the failure to appoint a guardian ad litem who would have then been on notice of the necessity of an independent investigation without relying on information from the insane person, the said S. O. Smith has been deprived of a meritorious defense and the opportunity to have presented to the court the true evidence."

■ The general rule seems to be well settled in this state that a judgment or decree against a non compos mentis not represented by general guardian or guardian ad litem is voidable in equity by suit seasonably filed and that such a judgment or decree may be vacated by a bill in the nature of a bill of review. Cunningham v. Wood, 224 Ala. 288, 140 So. 351; Dawson v. Haygood, 235 Ala. 648, 180 So. 705; Farrell v. Farrell, 243 Ala. 389, 10 So.2d 153; Cadick Milling Co. v. Merritt, 246 Ala. 175, 19 So. 2d 720; Box v. Box, 253 Ala. 297, 45 So.2d 157; Stephens v. Stephens, 253 Ala. 315, 45 So.2d 153; Laney v. Dean, 258 Ala. 37, 61 So.2d 109, 110. The fact that the non compos mentis was represented by counsel not the general guardian or guardian ad litem does not affect the rule. Cunningham v. Wood, supra.

In Laney v. Dean, supra, 61 So.2d 110, we observed of our cases on the subject as follows:

"* * *. While there are some expressions in our cases which may imply that equity intervenes to set aside such a decree on the theory of constructive fraud, we wish to make it clear that we did not intend to hold that constructive fraud is sufficient to justify relief in an original bill in the nature of a bill of review. But where the relief is based on mental incapacity, actual fraud need not be shown. Relief may be granted where mental incapacity prevented a fair adversary hearing. Cadick Milling Co. v. Merritt, supra."

In Cadick Milling Co. v. Merritt, supra, 246 Ala. 177–178, 19 So.2d 721, it was said in part as follows:

"It is not necessary to show actual fraud on the part of Cadick Milling Company. It is sufficient if the incapacity of the defendant prevented a fair adversary hearing' (Cunningham v. Wood, supra; Oliver [a] v. Grace, 19 Cal.2d 570, 122 P.2d 564, 140 A.L. R. 1328), *provided the defendant had a meritorious defense*. Weems v. Weems, 73 Ala. 462." (Emphasis supplied.)

■ It is apparent from the opinion prepared by the trial court, to which we referred above, that it sustained the demurrer to the bill as amended on the ground that it did not show a meritorious defense and, therefore, was subject to demurrer taking that point. Reliance was had on the part of our opinion in Cadick Milling Co. v. Merritt, supra, which we have quoted. But we did not intend to say that a bill of this character filed on behalf of a person alleged to have been a non compos mentis is subject to demurrer where the proceedings leading up to the decree sought to be vacated show "a meritorious defense" as do the exhibits to the instant amended bill.

398

Equity should not decline to set aside a judgment or decree rendered against a non compos mentis who was not represented by general guardian or guardian ad litem and who had a meritorious legal defense because the non compos mentis failed in his proof. The fact that the non compos mentis was unsuccessful is not determinative of his right to have the judgment or decree vacated.

Grounds of demurrer taking the point in effect that it is not made to appear that S. O. Smith was denied a fair adversary hearing were not well taken in view of the allegation that he was a non compos mentis not represented by general guardian or guardian ad litem.

We are of the opinion that the trial court erred in sustaining demurrer to the bill as amended. The decree appealed from is reversed and one will be rendered here overruling the demurrer to the bill as last amended.

The respondents below are allowed thirty days from the date on which the decree of the clerk of this court reaches the register of Covington County in which to file their answer.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.