78 So.2d 318

Morgan SMITH, as Adm'r, etc., et al.,

v.

Gertrude HOLLOWAY et al.

4 Div. 812.

Supreme Court of Alabama.

Jan. 13, 1955.

Rehearing Denied March 10, 1955.

1. 261 Ala. 632.

Frank J. Tipler, Jr., Andalusia, for appellants.

W. H. Baldwin, Baldwin & Baldwin, Andalusia, for appellees.

STAKELY, Justice.

This case was before this court on appeal from a decree sustaining demurrers of the respondents (appellees here) to the bill of complaint. The decree of the lower court on the former appeal was reversed, a decree rendered and the cause remanded. Smith v. Holloway, 259 Ala. 393, 66 So.2d 877. While reference is made to the aforesaid opinion for a more complete understanding of this case, a brief reference to some of the facts will be helpful.

It appears from the bill that S. O. Smith was the owner of a tract of land of approximately 170 acres in Covington County, Alabama. On November 19, 1939, he was living in Florida and on that date a warranty deed was executed by him and his wife purporting to convey the aforesaid tract of land to Mrs. Gertrude A. Holloway for a recited consideration of $1,500, and the assumption by the grantee of the payment of the mortage on the land in favor of the Federal Land Bank of New Orleans.

In October 1943 S. O. Smith filed an ejectment suit against Mrs. Gertrude A. Holloway and her tenant Virgil Holloway, seeking possession of the aforesaid tract of land together with damages for its detention. On motion of Mrs. Gertrude A. Holloway the cause was transferred to the equity side of the court.

Thereupon Mrs. Gertrude A. Holloway filed her bill of complaint against S. O. Smith. She alleged the execution and delivery of the deed of November 19, 1939, the manner in which the consideration therefor was paid and secured, that she had gone into possession of the property and had made certain improvements thereon and was still in possession thereof; that S. O. Smith was contending that he was non compos mentis at the time of the execution of the deed and had filed the suit in ejectment to recover the land covered by the deed; that she purchased the land in good faith without any knowledge of the alleged mental infirmity of S. O. Smith and without knowledge of any fact which if followed up would have apprised her of such mental condition on his part. The prayer of the bill in substance was that the deed as executed by S. O. Smith and wife on November 19, 1939, be held valid and in full force and effect.

S. O. Smith by and through certain attorneys of the Covington County Bar filed a sworn answer to the aforesaid bill of Mrs. Gertrude A. Holloway in which he denied the various allegations of the bill and alleged that at the time of the deed his mental faculties were such as to render him incapable of transacting business and executing and consummating a sale of the land, all of which was known to Mrs. Gertrude A. Holloway. S. O. Smith made his answer a cross bill wherein he prayed for the cancellation of the deed of November 19, 1939, and that Mrs. Gertrude A. Holloway be dispossessed of the property and be required to pay damages for detention, etc.

Mrs. Gertrude A. Holloway filed answer to the cross bill wherein she denied its material allegations.

On August 26, 1946, the Circuit Court of Covington County after hearing the witnesses testify orally in open court granted the relief prayed for by Mrs. Gertrude A. Holloway in her bill and denied the relief prayed for in the cross bill of S. O. Smith. The deed of November 19, 1939, was decreed to be valid and of full force and effect.

There was no appeal from the aforesaid decree.

On October 14, 1950, S. O. Smith acting by his daughter as next friend filed the instant suit in the Circuit Court of Covington County, in Equity, against Mrs. Gertrude A. Holloway, her husband, T. F. Holloway and Mrs. Alice Miller to whom Mrs. Gertrude A. Holloway had conveyed the aforesaid tract of land. The two main aspects of the present suit on which relief is sought are (1) to have set aside and vacated as void the decree of August 26, 1946, and (2) to have the deed of November 19, 1939, set aside and annulled.

On September 28, 1951, the death of S. O. Smith having been suggested, a decree was entered substituting the personal representative and heirs at law of S. O. Smith as parties complainant.

The case made by the present bill of complaint insofar as it seeks to have the decree of August 26, 1946, set aside and annulled is in substance as follows: S. O. Smith was at the time that decree was rendered and during the entire progress of the proceedings a non compos mentis, which fact was not made known to the court and he was not represented by a general guardian or guardian ad litem; that he was not mentally capable of understanding the proceedings or of seeking out and presenting evidence in his behalf going to show the invalidity of the deed of November 19, 1939; that the attorneys who represented S. O. Smith in the proceedings leading up to the decree of November 19, 1939, were not advised of the fact that he was insane and accordingly in the preparation and trial of the case relied on an insane person to inform them of the facts in the cause and to advise them and inform them as to the investigation and to inform them as to the available evidence and that because of the insane condition of S. O. Smith throughout the prior proceedings and the failure to appoint a guardian ad litem who would have then been on notice of the necessity of an independent investigation without relying on information from the insane person, the said S. O. Smith had been deprived of a meritorious defense and the opportunity to have presented to the court the true evidence.

Answer was duly filed by the respondents, in substance denying that S. O. Smith was mentally incompetent at the time of the prior litigation and denying that S. O. Smith was mentally incompetent at the time of the alleged execution of the deed of November 19, 1939 and denying any notice of any alleged mental incompetency of S. O. Smith on November 19, 1939.

The case was heard orally before the court on November 18, 1953. Some of the facts were stipulated. The disputed facts about which testimony was taken went to the question of the mental competency of S. O. Smith during the time of the prior proceedings and the mental competency of S. O. Smith at the time of the alleged execution of the deed of November 19, 1939, notice thereof to the adverse parties and the value of the land and its true retail value.

The court in its final decree rendered on February 27, 1954, found that the complainants had failed of proof as to the mental incompetency of S. O. Smith at the time the prior proceedings were begun and during the progress of the litigation to its conclusion. This appeal is from this decree.

It is admitted that during the prior proceedings S. O. Smith did not have a general guardian and no guardian ad litem was appointed to represent him during that suit.

The questions for decision in the instant case are (1) whether S. O. Smith was

mentally competent during the period between the filing of the prior suit in October 1943 and the final decree in that suit on August 26, 1946. (2) If then incompetent, was he competent on November 19, 1939, at the time of the alleged execution of the deed?

All the assignments of error on this appeal are directed toward the finding of the lower court on the facts as being against the great weight of the evidence. The case was tried orally before the court.

A considerable amount of lay testimony was introduced both for and against the mental incompetency of S. O. Smith. No good purpose can be served by setting out this testimony. Caples v. Young, 206 Ala. 282, 89 So. 460.

The testimony of two witnesses, however, is stressed by the appellant and we think it well to discuss this testimony briefly. Dr. C. L. Carter, a witness for the appellants, who is now in the practice of medicine in Jacksonville, Florida, but at the time in question was practicing medicine in Inverness, Florida, testified that he treated S. O. Smith in Florida, that he was very ill having had a stroke in the spring of 1939 and was practically bed ridden from arthritis. He gave it as his judgment that S. O. Smith did not have sufficient mental capacity to understand in a reasonable manner the nature and effect of a business transaction such as the execution of a deed to property. This is the only medical testimony in the case. Dr. Carter was a general practitioner and does not claim to be a psychiatrist or an expert in mental disorders. Assuming, however, for the sake of argument that Dr. Carter should be considered as an expert, the court in its fact finding capacity could treat the testimony as it deemed best in connection with the facts and circumstances of the case. Such testimony is not conclusive but it is to be weighed like other evidence and may be rejected. Smith v. Smith, 254 Ala. 404, 48 So.2d 546; Metropolitan Life Ins. Co. v. Chambers, 226 Ala. 192, 146 So. 524.

J. L. Murphy, a member of the bar of Covington County, was a witness in the case for the appellees. He is one of the attorneys who represented S. O. Smith in what we have termed the prior proceeding. The other attorney who represented S. O. Smith, Mr. A. Whaley, was deceased at the time of this trial. Mr. Murphy testified in substance that he had known S. O. Smith for many years and had had occasion to observe him in various business transactions, that during the course of the prior litigation S. O. Smith was able to carry on a reasonable and intelligent conversation and was able to understand directions given to him. He gave it as his opinion that S. O. Smith had sufficient mental capacity to understand the nature and consequences of the aforesaid suit and that he never discovered or saw anything wrong with him mentally at all although physically he was getting old.

In the language of counsel, "Mr. Murphy is the oldest, finest, most lovable and sincerely honest lawyer it has ever been his privilege (referring to the Court) or mine to know." As we understand the situation, it is argued that because of his high qualities and the resulting impact on the court, the court placed a value on his testimony out of proportion to its true worth. It is sufficient to say that the evaluation of testimony is a part of the fact finding power of the court. Sieben v. Torrey, 252 Ala. 675, 42 So.2d 621.

We have considered the testimony carefully and following the rule so well understood in this state that we will accept the finding of fact by the trial court where the case is heard orally unless it is palpably wrong, see no reason to disturb the findings of fact of the lower court. In view of this conclusion, the decree of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.