Railsback *v.* Gordon.

---

## Railsback *v.* Gordon, Executor.

[No. 3,985.    Filed December 17, 1901.]

Wills.—*Construction.*—*Life Estate.*—*Power to Charge with Support.*—
A testator devised certain real estate to his wife "to have and to hold during her life," and by the terms of the will empowered her to sell all the real estate except the "home farm," and appropriate the same to her support. *Held,* that the widow received only a life estate in the home farm, and could not, therefore, charge it with a claim for necessary aid and assistance furnished her in her old age.

From Marshall Circuit Court; *A. C. Capron,* Judge.

Action by Lucinda Railsback against William C. Gordon, Executor. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Charles Kellison,* for appellant.
*Samuel Parker,* for appellee.

Henley, J.—Appellant commenced this action against . the estate of John M. Gordon, deceased. She seeks to recover for services rendered in caring for one Barsheba Gordon, who was the aged widow of decedent. Her claim was disallowed by the executor of decedent's will and was transferred to the issue docket of the Marshall Circuit Court, where appellant upon leave granted by the court filed her amended complaint. Appellee's demurrer for want of facts was sustained and appellant declining to plead further, the court rendered judgment against appellant that she take nothing by her action, and that appellee recover his costs. The only error assigned relates to the ruling of the trial court in sustaining appellee's demurrer to appellant's amended complaint.

Appellant's complaint is upon the theory that the will of John M. Gordon, deceased, made provision for the comfortable support and maintenance of his aged wife, Barsheba Gordon. It avers that during her widowhood, when old and helpless, the said Barsheba Gordon requested her daughter, the appellant, to come to her assistance. That appellant, at the request of her mother, left her own family to the care of others and went to the assistance of her mother and gave her almost constant care and attention for a period of nearly four years preceding her death. That such care and attention were given with the understanding and agreement that she would be paid the reasonable value thereof. That the services so rendered were necessary to the comfort and existence of said Barsheba Gordon and constitute a charge against the thirty-five acres of land of which the decedent died seized.

In passing upon the sufficiency of the amended complaint, it is necessary to construe the will of John M. Gordon, deceased. The part of said will here involved is as follows: "Last will and testament of John M. Gordon, deceased. In the name of the Benevolent Father of All, I, John M. Gordon, of Marshall county, State of Indiana, do make and publish this my last will and testament: Item 1. I give and devise to my beloved wife, in lieu of her interest in my lands, the farm on which we now reside, situated in said county and State containing about thirty-five acres, to have and to hold the same during her life. I also give and devise to her ten acres of land situated in section thirty-three, township thirty-two, range three east, and also lot forty-four, situated in Fredericksburg, said county and State, together with all the 'stalk', household goods, furniture, provisions, and other goods and chattels which may be thereon at the time of my decease, to have and to hold during her life as aforesaid, she however, selling lands thereof as may be sufficient to pay all my just debts. If, however, after selling a sufficient amount of my personal

Railsback *v.* Gordon.

property to pay my just debts the proceeds of the home farm on which she resides is insufficient to give her a comfortable support, it is my will that she sell the ten acres, and also the lot forty-four above spoken of, and she is hereby empowered and authorized to sell all of my real estate except the home farm and appropriate the same to her support or as much thereof as may be necessary to give her a comfortable living during her life. Item 2. At the death of my said wife, the real estate aforesaid, or so much thereof as may remain unsold at the decease of my said wife, I give and devise to my children the same to be sold and the proceeds to be divided equally, together with the personal property, household goods, and chattels remaining thereon at her decease, equally among them. Provided, always, that in case any of my said children shall depart this life before the death of my said wife, then in that case the share belonging to such deceased child shall revert to my children that shall survive my wife, except in case of my daughter Lucinda Parmer, it is especially provided that in case she shall survive my wife it is my will that she shall share equally with all my children that survive my wife, that she shall have her share remaining in the hands of my executor, the same to be paid to her in annual instalments and not more than $50 per annum, and provided that in case of death of my daughter, Lucinda, before the payments have all been made, then and in that case it is my will that the payments cease and the remaining part of her share in the hands of my executor to be divided among my other living children equally. Item 3. I do hereby nominate and appoint my son William C. Gordon, executor of this my last will and testament hereby authorizing and empowering him to compromise, release, adjust, and discharge in such manner as he may deem proper, the debts and claims due my estate at the death of my said wife. I do also authorize and empower him, if it should become necessary to make an equitable distribution of my real and per-

sonal property, to sell at private sale or in such manner, upon such terms of credit or otherwise as he may think proper, all of, or any part of, my real estate and deed to the purchaser to execute, acknowledge and deliver in fee simple and faithfully carry out and execute this my last will and testament."

Appellant's counsel ask this court to construe the will to mean that the thirty-five acres of real estate, mentioned in the first item, is charged with the support of the testator's widow in such a way as to make it liable for the claim of appellant for services rendered such widow as stated in her complaint.

It seems to us that the intention of the testator is plainly expressed in his will, and in giving his intention effect no settled rules of law are violated. The thirty-five acre tract of land is given to the widow "to have and to hold the same during her life." The meaning of this language is plain and explicit; no better words could have been used to create a life estate in the widow of the testator. The language of the subsequent portions of the will does not in any manner render it ambiguous or uncertain in any of its parts, and it is particularly certain and explicit as to this thirty-five acres known as the "home farm." The widow is given the right to sell all the personal property, the town lot, the ten acre tract, "and she is hereby empowered and authorized to sell all of my real estate *except the home farm* and appropriate the same to her support," etc.

It is seen that in giving his widow the right to dispose of certain property, the testator expressly excepted this thirty-five acre tract which is by the terms of the will to be sold and the proceeds divided amongst the children. The widow of John M. Gordon took only a life estate in the thirty-five acre tract. There is nothing in the language of the will to cast a doubt upon the construction here given it. It is particularly plain and explicit. The demurrer to the amended complaint was properly sustained.

Judgment affirmed.