(101 South. 591)

## WILDER v. LOEHR et al. (6 Div. 145, 146.)

(Supreme Court of Alabama. Oct. 16, 1924.)

1. Wills ⊚⟷452—Disinheritance of heirs effected only by express words in will or by necessary implication arising from them.

Heirs will not be disinherited by mere conjecture, but only by express words in the will, or by necessary implication arising from them.

2. Wills ⊚⟷469—Clearly expressed condition of one part cannot be controlled by doubtful construction of another part.

A clearly expressed condition of one part of will cannot be controlled by a doubtful construction of another part.

3. Wills ⊚⟷614(3)—Where life estate is clearly intended, absence of limitation over does not indicate that first taker acquires absolute estate.

Where a life estate is clearly intended, absence of a limitation over does not indicate that first taker is to have an absolute estate.

4. Wills ⊚⟷634(12)—Will held to create life estate in widow with undisposed remainder or reversion vesting in son at testator's death.

Will which gave realty to wife for life, and provided that, if son died before 21 and unmarried, property devised to him should go to his mother, and if widow predeceased son property given her should go to son, but nowhere disposed of remainder interest, held to vest life estate in widow, and remainder or reversion vested in son at testator's death, under laws of descent and distribution.

5. Appeal and error ⊚⟷1009(2)—Chancellor's finding of fact will not be disturbed unless plainly wrong.

Finding of fact by chancellor supported by ample evidence will not be disturbed unless very plainly wrong.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Rosa M. Wilder against Irma M. Loehr, Lorena Jennings, and Joseph A. Zinszer, and cross-bill by Joseph A. Zinszer From a decree dismissing both the original and cross-bills, complainant and cross-complainant appeal. Affirmed.

The will involved is as follows:

"In the name of God—amen.

"I, Peter Zinszer of Birmingham Jefferson County, Alabama, being of sound and disposing mind and memory and considering the uncertainty of life do therefore make ordain and publish this to be my last will and testament in the manner and form following:

"That is to say:

"First. Out of such money as may come into the possession of my executrix, I direct that my funeral expenses and all of my just and lawful debts be paid.

"Second. To my son Joseph Zinszer I give and bequeath my gold watch, chain and such other jewelry as I may be possessed of at the time of my death, but direct that the same be kept and held by my executrix until my son attains the age of twenty one years, at which time they will be delivered to him.

"Third. To my son Joseph Zinszer I also give bequeath and devise a tract of land at or near Woodlawn, Jefferson County, Alabama, being the same purchased by me from E. B. Harris & wife and said to contain about three and one quarter acres but expressly direct and enjoin that the said (3¼) acres shall be con-

trolled and rented by my executrix until my son Joseph attains the age of twenty-five years at which time the same is to become his absolutely in fee simple

"And I hereby direct that my wife shall pay over to my son after he attains the age of twenty-one years the rents accruing after that time from said three and one quarter acres of land and appurtenances thereon.

"And I hereby further direct that while said 3¼ acres are controlled by my executrix, that she will keep the same free from all encumbrances.

"Fourth. To my beloved wife Rosa Zinszer, I give and bequeath all of my personal property of every kind character and description, except as above stated in article 2nd, to her sole and separate use, to control, sell or dispose of as she may deem proper.

"Fifth. To my beloved wife Rosa Zinszer, I also give bequeath and devise all of my real estate not heretofore disposed of to have and to hold for and during the term of her natural life to her sole and separate use and not to be subject to the control debts or liabilities of any future husband which she may have.

"Sixth. If my son Joseph Zinszer should die before attaining the age of twenty one years unmarried then all of the personal and real estate given him in article second & third I hereby give and bequeath & devise as before stated to my wife Rosa Zinszer.

"Seventh. Should my wife Rosa Zinszer die before my son then and in that event my will is that the property heretofore bequeathed and devised to her shall go to him.

"Eighth. Should my wife and son both die before this my said will shall be probated or go into effect then and in that event it is my will and I so direct that my entire estate shall be equally divided and go to my brother, Louis I. Zinszer, my sister Louisa Zinszer Decker and my two brothers in law Frederick Miller and August Miller share and share alike.

"9th. I hereby nominate and appoint my dear wife Rosa Zinszer as executrix of this my last will and testament and hereby release and direct that she be not required to give any bond in the execution of same when qualified.

"In witness whereof I have hereunto subscribed my name and affixed my seal—This the 12th day of November Anno Domini 1887.

"Peter Zinszer. (Seal.)

Basil A. Wood and Eugene H. Hawkins, both of Birmingham, for appellant.

Sterling A. Wood, of Birmingham, for cross-appellant.

The will vested an estate in fee in appellant, subject to be divested as to remainder interest upon the contingency of her son surviving her. Skillin v. Loyd, 6 Cold. (Tenn.) 563; Kendall v. Clapp, 163 Mass. 69, 39 N. E. 773; Code 1907, § 3401; Rose v. Rose, 126 Miss. 114, 88 So. 513; Phinizy v. Foster, 90 Ala. 262, 7 So. 836; Steele v. Poe, 79 S. C. 407, 60 S. E. 951; Drury v. Drury, 271 Ill. 336, 111 N. E. 140; Cummings v. Hamilton, 220 Ill. 480, 77 N. E. 264; Loeb v. Struck (Ky.) 42 S. W. 401; Dickson v. Dickson, 23 S. C. 225; Rountree v. Rountree, 26 S. C. 450, 2 S. E. 474. The only

interest Joseph Zinszer has in the property is created under the will, and he has no reversionary interest. 21 C. J. 978, 989, 1018, 1024; Newsom v. Holesapple, 101 Ala. 682, 15 So 644; Horton v. Sledge, 29 Ala. 478; Code 1907, § 3398. A deed may be canceled when the grantor at the time of its execution was so intoxicated as to be incapable of exercising judgment. 19 C. J. 813; Holland v. Barnes, 53 Ala 83 25 Am. Rep. 595; Wright v. Waller, 127 Ala. 557, 29 So. 57, 54 L. R. A. 440; Hale v. Brown, 11 Ala. 87; Oakley v. Shelley, 129 Ala. 467, 29 So. 385; Birmingham v. Hinton, 158 Ala. 470, 48 So. 546; Snead v. Scott, 182 Ala. 97, 62 So. 36; Sellers v. Knight, 185 Ala. 96, 64 So. 329; Boggs v. Holloway, 158 Ala. 286, 47 So. 1017; Coody v. Coody, 39 Okl. 719, 136 P. 754, L. R. A. 1915E, 465; Martin v. Evans, 163 Ala. 657, 50 So. 997; Embry v. Adams, 191 Ala. 291, 68 So. 20, L. R. A. 1915D, 1118. Ann. Cas. 1917C, 1024; Rogers v. Brightman, 189 Ala. 229, 66 So. 71.

J. L. Drennen, of Birmingham, for appellees.

Under the will the widow took a life estate, and the fee did not vest in her. 21 C. J. 938; 40 Cyc. 1613; Railsback v. Gordon, 28 Ind. App. 97, 62 N. E. 99; Mixter v. Woodcock, 147 Mass. 613, 18 N. E. 573; Ware v. Minot, 202 Mass. 512, 88 N. E. 1091; Bradford v. Andrews, 139 Ill. 922; Wynne v Walthall, 37 Ala. 37. The land descended to the son subject to the life estate of the widow. 40 Cyc. 1412; Boston, etc, v. Buffum, 186 Mass. 242, 71 N. E. 549; Parks v Kimes, 100 Ind. 148; Shaner v. Wilson, 207 Pa. 550, 56 A. 1086; Sumner v. Bingham, 210 Ala. 446, 98 So. 294. Joseph Zinszer could and did convey his interest to appellees. Acree v. Dabney, 133 Ala. 437, 32 So. 127. Drunkenness can only render a contract voidable, and the contract will not be set aside without a return of the benefits Snead v. Scott, 182 Ala. 97, 62 So. 36.

GARDNER, J. One Peter Zinszer died in the city of Birmingham in 1895, leaving surviving him his widow Rosa Zinszer (now Rosa Wilder), one of the appellants here, and his son Joseph who at the time was 17 years of age. At the time of his death Peter Zinszer was the owner of a large mercantile establishment in Birmingham, and also owned some valuable real estate, a portion of which is involved in this litigation.

On November 12, 1887, said Peter Zinszer made a will. Under the terms of this will his said widow now claims to own the property involved in this litigation, and files this bill to settle the title thereto. In November, 1896, the son, Joseph Zinszer, married Lorena Dozier, one child being born to them, who is now the wife of George L. Martin. On July 18, 1914, Joseph Zinszer executed

with his wife a quitclaim deed, conveying the property involved in this suit to Irma M. Dozier, his wife's sister, and the said Irma M. Dozier in turn conveyed the property by quitclaim deed, dated July 20, 1914, to the said Lorena M. Zinszer. In May, 1917, the said Lorena Zinszer obtained a decree divorcing her from the said Joseph. She subsequently married, and is now Lorena Jennings. Irma Dozier is also married, and known as Irma Loehr. Mrs. Jennings and Mrs. Loehr were each made parties respondent to the original bill together with Joseph Zinszer, the latter filed a cross-bill seeking to have annulled and declared void the deed executed by himself and his wife dated July 18, 1914, conveying the property involved in this suit to the respondent Irma M. Loehr. In the execution of this deed Mrs. Loehr was used as a mere conduit of title, the conveyance being intended for the benefit of the wife, Lorena, and for the purposes of this case may be referred to as a conveyance to the wife.

The cross-bill sought the annullment of this deed upon the ground of undue influence and, also, that the grantor, Joseph Zinszer, was so greatly under the influence of intoxicating liquors at the time of its execution that he was mentally incapacitated from entering into or understanding any business transaction. Much testimony was taken upon these issues, a large portion of which was heard orally before the chancellor. Upon submission of the cause for final decree on pleadings and proof, the chancellor rendered a decree dismissing the original bill and cross-bill, from which both the complainant to the original bill and the cross-complainant have prosecuted an appeal.

The question of first importance presented here for consideration relates to the proper construction of the will of Peter Zinszer, deceased, which is reproduced in the report of the case.

It is insisted on behalf of complainant that under the terms of this will there was vested in the widow an estate in fee to the property here in question, subject to be divested as to the remainder interest upon the contingency of her son, Joseph, surviving her. While the appellees insist that under the express language of the will the widow only obtained a life estate in this property, the remainder interest being undisposed of by the will vested upon the death of Peter Zinszer in his son, Joseph, and that his former wife Lorena Jennings is now the owner of such interest by virtue of the quitclaim deeds above referred to.

In the second paragraph of the will his son, Joseph, is given certain jewelry, and in the third paragraph the real estate situated in Woodlawn. The remainder of the personal property was in the succeeding paragraph given to the widow.

The property here involved comes under the fifth paragraph of the will, which reads as follows:

"To my beloved wife, Rosa Zinszer, I give and bequeath and devise all of my real estate not heretofore disposed of to have and to hold for and during the term of her natural life to her sole and separate use and not to be subject to the control debts or liabilities of any future husband which she may have."

Very clearly, if a life estate to the widow was intended the language used is direct and appropriate to that end. As said in Railsback v. Gordon, 28 Ind. App. 97, 62 N. E. 99:

"The meaning of this language is plain and explicit. No better words could have been used to create a life estate in the widow of the testator."

See, also, Mixter v. Woodcock, 147 Mass. 613, 18 N. E. 573.

But it is insisted that the will shows an intention on the part of the testator to dispose of his entire estate, and that the seventh paragraph in connection with the entire will discloses that the testator intended the remainder of the real estate to vest in the widow in fee, to be divested, however, in the event of her death before her son.

[1] Counsel for appellees, however, suggest that by this paragraph the testator merely expressed an acquiescence in the law of descent and distribution, following a similar expression in the sixth paragraph wherein it was provided that if the son should die before attaining the age of 21, and unmarried, then all the property devised and bequeathed to him should become that of his mother. It is further insisted that the will shows the testator had in view the marriage of his son, and must also have contemplated issue by such marriage, and if the construction contended for by the appellant is correct it would result, in the event of the death of the son before the mother. in disinheritance of the child of Joseph, the lineal descendant of the testator. We are cited to the general rule of law as found in 40 Cyc. 1412, to the effect that the heirs at law will not be disinherited by mere conjecture, but only by express words in the will or by necessary implication arising from them.

[2] It appears that the suggestion of counsel for appellees as to the effect and meaning of paragraph 7 is a plausible one, but, in any event, we are unable to find in the language of this paragraph sufficient warrant, though considered in connection with all the terms of the will, for an enlargement of the express life estate given to the widow into a fee. A clearly expressed condition of one part of the will cannot be controlled by a doubtful construction of another part. 40 Cyc. 1415. "A specific gift of a life estate cannot be enlarged by general expressions in other parts of the will." 40 Cyc. 1613. As said by the Massachusetts court in Boston, etc., Co. v. Buffum, 186 Mass. 242, 71 N. E.

549, "It is" the duty of the court "to construe the will which the testator has made, not to speculate upon his intentions and make a will for him." The following language in Parks v. Kimes et al., 100 Ind. 148, is of interest in this connection:

"The declaration of the testator does indicate a purpose to dispose of his entire estate, but this declaration does not of itself operate as such disposition, and there is no clause in the will which does make any disposition of the estate in reversion in the half section of land devised by the terms of the will to the widow for life. * * * The language employed is definite and explicit, and there is nothing in the will that contravenes it other than the declared purpose of the testator to dispose of his estate, and the fact that the balance of it was disposed of absolutely. These considerations, however, do not warrant us in ignoring the phrase 'so long as she may live,' inserted, evidently, for the purpose of measuring the extent of her estate, and thus construing the will so as to pass the fee. We are not unmindful of the rule that all the provisions of a will are to be read together, and that a construction which will result in partial intestacy is not to be adopted, etc., yet these rules in this case cannot control an express provision which accurately defines and measures the extent of an estate devised. We therefore conclude that the widow took a life estate only in such land. As no disposition was made of the estate in reversion, the same descended to the children of such testator."

So, in the instant case, the language of the fifth paragraph is plain and explicit, devising the real estate here involved to the widow "to have and to hold for and during the term of her natural life," thus measuring the extent of her estate.

We have not overlooked the argument of counsel for appellant that the testator had in mind some previously existing statute relating to coverture, which statute, however, had been repealed at the time of the execution of the will. This argument is based upon conjecture only, and can find no solid foundation in the terms of the will upon which to stand. We have also examined the cases of Skillin v. Loyd, 6 Cold. (46 Tenn.) 563, and Kendall v. Clapp, 163 Mass. 69, 39 N. E. 773, cited by counsel for appellant, but we find the language used in the wills there under consideration materially different in some respects from that embraced in the fifth paragraph of the will here involved. These authorities cannot in our opinion militate against the conclusion which we have here reached.

[3, 4] The clearly expressed intent of the testator in paragraph 5 is not to be controlled by a doubtful construction in another portion of the will. Where a life estate is clearly intended the absence of a limitation over does not indicate that the first taker is to have an absolute estate. 40 Cyc. 1621. We are therefore of the opinion that under the terms of the will the widow took a life estate only, the remainder or reversion vesting under the laws of descent and distribution in the son at the time of the death of the testator, and that this interest passed to the wife by virtue of the quitclaim deeds. Any other construction of the will, would, in our opinion, do violence to the plain language of paragraph 5.

[5] The life estate of the widow was conceded in the answer of the respondent, and the original bill was properly dismissed. The action of the court in dismissing the cross-bill requires but brief consideration. The question of fact as to undue influence and mental incapacity were very fully evolved before the chancellor, and, as previously stated, a large portion of the evidence was taken orally before him, and a discussion of it here would serve no useful purpose, but only bring in bold relief, and place in record form the history of a misspent life. There was ample evidence taken orally before the court to support the conclusion that Joseph Zinszer at the time of the execution of the quitclaim deed was sober and in his right mind, and that he acted of his own volition. Under such circumstances, following the uniform decisions of this court, the finding of fact by the chancellor will not be disturbed unless very plainly wrong; but, on the contrary, in the instant case it would appear that the preponderance of proof sustains the conclusion that the act of the grantor in executing the quitclaim deed was entirely free from undue influence, and that he was entirely competent in every respect for that purpose. The cross-bill therefore was likewise properly dismissed, and the decree upon both appeals will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.