124 So.2d 76

## ASSOCIATION OF PLANT POLICE OF ALABAMA, BIRMINGHAM LODGE NO. I, Otherwise known as Claimant "A",

v.

## ASSOCIATION OF PLANT POLICE OF ALABAMA, BIRMINGHAM LODGE NO. I, a Corporation, Otherwise known as Claimant "B".

6 Div. 447.

Supreme Court of Alabama.

Sept. 8, 1960.

Rehearing Denied Nov. 17, 1960.

G. W. Nicholson, Birmingham, for appellant.

John J. Smith and Geo. S. Brown, Birmingham, for appellee.

SIMPSON, Justice.

·This case comes here on appeal from a final decree rendered by the Circuit Court of Jefferson County, in Equity, finding that appellee was entitled to the per capita tax involved, deposited with the First National Bank of Birmingham and Jefferson Federal Savings and Loan Association. The following, as disclosed by the record, gave rise to this litigation:

On September 24, 1952, certain members of the guards and firemen employed by Hayes Aircraft Corporation in Birmingham, Alabama, had themselves incorporated under the name of Association of Plant Police of Alabama. Subsequently a local lodge bearing the same name was organized at Childersburg, Alabama, but was not incorporated. The incorporated organization in Birmingham began to collect per capita taxes from the Childersburg union. In order to distinguish between the two organizations the corporation was called "Association of Plant Police of Birmingham, Alabama, Lodge No. 1" and the Childersburg organization was designated as "Association of Plant Police of Alabama, Childersburg Lodge No. 2". The National Labor Relations Board informed the Birmingham corporation that one local union could not collect per capita taxes from another local union under the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. It then became apparent to the officers of the Birmingham corporation that it would be necessary to form an international union if such per capita taxes were to be collected.

A convention was called for that purpose and delegates were sent from both the Birmingham and Childersburg organizations. At that meeting articles of incorporation for the international union were voted on favorably by the delegates, but the question of whether the action taken by the convention was confirmed by the Birmingham corporation is in dispute. The trial court found that it was not. However, a resolution was passed changing the local organization (the corporation formed September 24, 1952) to an international, International Association of Plant Police of America, and was filed in the Probate Court of Jefferson County. Pursuant to its authority in the constitution and by-laws the International Association of Plant Police issued a charter to the Association of Plant Police of Alabama, Birmingham Lodge No. 1 (Appellant, Claimant A). The local association entered into negotiations with Hayes Aircraft Corporation and entered into a collective bargaining agreement on the 11th day of May, 1956, which bargaining agreement contained a proviso whereby the company would deduct from each member all dues which the member owed the association. The local would then remit the dues to the International. Subsequent

officers of the local association, whom the trial court found to be the present officers of the Birmingham corporation, refused to transmit the per capita tax money to the purported international and contend that the corporation organized September 24, 1952, is still in existence, and that there was never an international organization validly created.

After the certificate of incorporation for the International Association of Plant Police of America (the name given to the purported international union which appellant contends resulted after the meeting of the delegates referred to above) was filed in the Probate Court of Jefferson County, that organization issued a charter to the Association of Plant Police of Alabama, Birmingham Lodge No. 1, the appellant, which it contends is now an unincorporated association by virtue of the fact that the original corporation has been merged into the international.

For convenience in the court below the appellant was referred to as "Claimant A" and appellee as "Claimant B". As aforesaid, the appellee, Claimant B, takes the position that the original corporation formed in September, 1952, is still in existence, has been since its inception and that it through its officers and agents, is entitled to the per capita tax which was paid into the court by the First National Bank of Birmingham and the Federal Savings and Loan Association, the depositaries of such funds.

After the conflict arose between the two groups involved, an election was held at the Hayes Aircraft Company to determine which group represented the guards and firemen of the company. Appellee won this election and was referred to for election purposes only, i. e., to distinguish it from appellant, as Association of Guards and Firemen of Hayes Aircraft, and the National Labor Relations Board certified that that group had been designated and selected by a majority of the employees as their representative for the purposes of collective bargaining.

From this factual background, somewhat confusing in that the parties litigant bear the same name, the trial court found that the monies, the subject of the litigation, were properly the property of the Association of Plant Police of Alabama, a corporation, Claimant B, appellee. The appellant contends that it is the organization entitled to the per capita tax, but that it has become an unincorporated association by resolution of the International, which it contends was formed, and the appellee contends that the original corporation is still in existence and is not affiliated with any international inasmuch as no international was ever actually formed. After hearing all the evidence the trial court found for Claimant B, the original corporation formed in 1952.

The case resolves itself into the question of whether or not the international was formed and consented to by the existing corporation. Title 10, § 20, Code of Alabama of 1940, provides that a corporation, not of a business character, if it has no central governing body, may not amend its charter unless not less than three-fourths of its members sign and file such amendment in the office of the Judge of Probate. The question of whether or not this statute was complied with in the instant case was a question of fact to be determined by the trier of the facts, the trial court. He found that it was not complied with and that the original corporation, the appellee, was entitled to the funds, the subject of this litigation. If, of course, the provisions of this section were not complied with, the corporation formed in September, 1952, is still in existence and never was converted to an international organization and as such is still entitled to the per capita taxes collected pursuant to its charter. The trial court so found, after hearing all of the witnesses and his conclusions on such a disputed issue of fact will not be disturbed here unless palpably erroneous. Alabama Digest, Appeal and Error ☞1008(1); Talbot v. Braswell, 266 Ala. 578, 98 So.2d 7; Laney v. Dean, 267 Ala. 129, 100 So.2d 688; Farm-

ers & Ginners Cotton Oil Co. v. Hogan, 267 Ala. 248, 100 So.2d 761; Coppett v. Monahan, 267 Ala. 572, 103 So.2d 169; Adams v. Baker, 268 Ala. 256, 105 So.2d 703.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ. concur.