ALMON, Justice.
Myrtle South, the appellant, filed an action for a declaratory judgment to construe an alleged ambiguity in her late husband’s will. She was appointed executrix and did not contest the validity of the will or dissent from its provisions. The circuit court granted the appellees’ motion for summary judgment. We affirm.
The clause which the appellant alleges is ambiguous is set out below.
“I will bequeath to my beloved with, [sic] Myrtle South all my property, real, personal and mixed during her lifetime.”
The case was submitted to the trial judge on the pleadings, briefs and the deposition of the appellant, Myrtle South. The trial court found no ambiguity and granted the appellees’ motion for summary judgment. Notwithstanding the diligent efforts of counsel for appellant to cite ambiguities contained in this will, we agree with the trial court.
*864 The appellant urges this Court to recognize that this will is ambiguous in several respects. It is the appellant’s position that if the bequest in issue creates only a life estate in Myrtle South, then there are ambiguities with respect to the following matters: the disposition of the remainder interest; provisions for the use and consumption of the estate; provisions for the disposition of property to pay for the testator’s debts and the lack of distinction between real and personal property.
Where a life estate is clearly intended, and where that intention is expressed, the absence of a limitation over does not vest the first taker with absolute title. Wilder v. Loehr, 211 Ala. 651, 101 So. 591 (1924). It is only where the testator’s intent is not clear that rules of construction aid in the interpretation of a will. Werneth v. Hanly, 262 Ala. 219, 78 So.2d 299 (1955). In this case, not only is the language in the will unambiguous, but the appellant also admitted in her deposition that the testator inserted the provision “during her lifetime” in the will at her request. The will limited the bequest and devise of the testator’s real, personal and mixed property to a life estate in Myrtle South in clear, unmistakable and unambiguous terms. The effect of this limitation cannot be altered by this Court under the guise of construction. Frye v. Community Chest, 241 Ala. 591, 4 So.2d 140 (1941).
The trial court was correct in granting summary judgment for the defendants and the judgment is affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.