MURDOCK, Justice
(dissenting).
After no small degree of struggle on my part and with some trepidation given the now antiquated rules of pleading and procedure in play in some of the cases discussed in the Court of Civil Appeals’ opinion, I respectfully dissent. I offer the following thoughts.
Initially, my angst regarding the result achieved in the main opinion focused on a concern that the main opinion might be in error for failing to recognize and accommodate fully the plenary role of the circuit court as our court of general equity jurisdiction. The language of Ala.Code 1975, § 12-11-31 — upon which the main opinion ultimately rests — has been a part of our Code since the earliest years of Alabama’s statehood. Despite this fact, in multiple cases dating back to that time, this Court has recognized the authority of the circuit court to adjudicate collateral attacks on the validity of probate court judgments on equitable grounds.
By its wording, § 12-11-31 assumes a preexisting, general equity jurisdiction in circuit courts.[5] See generally Walker v. City of Birmingham, 279 Ala. 53, 181 So.2d 493 (1965) (recognizing that circuit courts are courts of general equity jurisdiction); Ala. Const.1901, § 142 (“The circuit court shall exercise general jurisdiction in all cases except as otherwise be provided by law.”). The language in § 12-11-31 — including the identical language now codified in subdivision (1) of that statute — has been understood as simply affirmatively confirming or extending that general equity jurisdiction to certain categories of cases, not withholding from circuit courts equitable authority as to categories of cases not specifically listed therein. In Waldron, Isley & Co. v. Simmons, 28 Ala. 629 (1856), this Court addressed the language of § 602, 1852 Code, which was identical to the language now codified in § 12-11-31(1) that states that the equitable jurisdiction of circuit courts shall extend “[t]o all civil actions in which a plain and adequate remedy is not provided in the other judicial tribunals.” As to this language, the Court explained:
“[W]e are entirely satisfied that, as to cases in which originally jurisdiction had vested legitimately in courts of chancery, the jurisdiction is not abolished by anything contained in section 602, although a plain and adequate remedy at law in such cases is provided by some other section of the Code, — no prohibitory or restrictive words being used.”
28 Ala. at 633.
Consistent with the foregoing, the language now found in § 12-11-31 has never been understood to prevent circuit courts, as Alabama’s courts of general equity jurisdiction, from exercising jurisdiction over “bills of review” and other common-law writs that tested the validity of the judg *1243 ments of other courts, including probate courts, on equitable grounds. See, e.g., Laney v. Dean, 267 Ala. 129, 136, 100 So.2d 688, 695 (1958) (“There is no doubt of the general jurisdiction of a court of equity to annul decrees of courts of competent jurisdiction which have been obtained by fraud.”); Keenum v. Dodson, 212 Ala. 146, 148, 102 So. 230, 232 (1924) (holding as to a probate court judgment that “[t]he decree ... being charged as having been procured through fraud and requiring proof of extraneous facts to establish same, the complainants had the fight to resort to a court of equity as for a cancellation or reformation of the decree”). (Again, the identical language now found in § 12 — 11— 31(1) was in place when these cases were decided. See 1923 Code, § 6465; 1940 Code (Recomp. 1958), tit. 13, § 129.)
That said, it cannot be denied that the need for circuit courts to be able to consider equity-based challenges to probate court judgments has at least in part been a function of the inability of the probate courts, as courts of law, to take up such matters for themselves. See Bolden v. Sloss-Sheffield Steel & Iron Co., 215 Ala. 334, 335, 110 So. 574, 575 (1926) (“[W]here the jurisdiction of the court of law is acquired by the fraudulent concoction of a simulated cause of action, the fraud itself to be consummated through the instrumentality of a court of justice, the protection of the court demands that there should be a remedy.”). At least to the extent that the “case” for circuit court authority to review probate court judgments previously has found support in this need for a remedy, we can say that that “case” has been diminished with the modern-day extension of Rule 60(b), Ala. R. Civ. P, to the probate courts. With at least this concern laid to the side, our consideration of the jurisdictional issue at hand might naturally turn to concerns over the orderly functioning of our courts and the dignity and binding force of a judgment of the probate court as a court of coordinate jurisdiction.
Nonetheless, I dissent. I do so for a reason not subsumed by the foregoing discussion and not addressed in the main opinion. Specifically, the circuit court in this case, no differently than any other court, whether “sitting” in equity or in law, is not obligated to recognize or enforce any judgment of another court that is shown to be a void judgment. In Wanninger v. Lange, 268 Ala. 402, 406, 108 So.2d 331, 335 (1959), this Court explained that “ ‘[c]ourts acting without authority can impart no validity to their proceedings and their judgments are assailable in any proceeding.’ ” (Quoting Crump v. Knight, 256 Ala. 601, 603-04, 56 So.2d 625, 627 (1952).) As to probate court judgments specifically, this Court has acknowledged that such judgments can be collaterally attacked if “plainly void or made without jurisdiction.” Black v. Seals, 474 So.2d 696, 697 (Ala.1985). Cf. Martin v. Martin, 173 Ala. 106, 115, 55 So. 632, 634 (1911)(permitting a collateral attack on a divorce judgment procured through false jurisdictional allegations because such a judgment is “a nullity under all circumstances”). In Wightman v. Karsner, 20 Ala. 446, 453-54 (1852), this Court stated:
“As far as our search has extended, the best authorities on the subject concur in saying, that a judgment void in one court, is not binding upon any other court, in which an interest arising under it is sought to be enforced. If the proceedings were merely irregular or erroneous, and liable to be set aside on appeal or writ of error, the case would be different.”
(Emphasis added.)
Ultimately, therefore, I must dissent because the main opinion errs in concluding *1244 that the circuit court did not have jurisdiction even to assess whether there had been a fraud on the probate court that rendered the probate court’s judgment void.[6] The circuit court may or may not have made a correct decision on this issue, but that is a matter of the merits of its decision that we do not even reach. The circuit court had the jurisdiction to make that decision.[7]
Because this Court denies the jurisdiction of a circuit court to even consider whether a probate court judgment is void, circuit courts hereafter will have no choice but to give legal effect to probate court judgments that might well be void. I suppose the only alternative available to circuit courts in the future will be to interrupt their own proceedings and instruct the parties to “go to the probate court” and file a separate proceeding in that court and then await the outcome of such a proceeding before resuming the litigation already pending before the circuit court, a process with which our courts are not familiar, at least as to the question whether the judgment of another court is void.
Based on the foregoing, I respectfully dissent.

. Section 12-11-31 provides in part as follows:
"The powers and jurisdiction of circuit courts as to equitable matters or proceedings shall extend:
"(1) To all civil actions in which a plain and adequate remedy is not provided in the other judicial tribunals.”

. Not even the dissenting judges in the Court of Civil Appeals take issue with the authority of the circuit court to make a decision as to whether the fraud in this case was a fraud upon the probate court that vitiated its judgment; they merely challenge the correctness of that decision on its merits, see O.S. v. E.S., 205 So.3d 1219, 1230-33 (Ala.Civ.App.2013) (Donaldson, J., dissenting, joined by Thompson, P.J.) — something we stop short of doing because of our decision that the circuit court was without jurisdiction to consider that issue.

. This is so even if its decision in this regard also bore on the circuit court’s own jurisdiction. See generally Ex parte Board of Educ. of Blount Cnty., 264 Ala. 34, 38, 84 So.2d 653, 656 (1956) ("[Ejvery court of general jurisdiction has the judicial power to determine the question of its own jurisdiction.”).